**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARK MCDONALD, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA,<br><br>Defendants. | Civil Action No. 1:06-CV-729 (JR) |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Local Civil Rule 7 of this Court, Plaintiffs move this Court to extend the time by which Plaintiffs may effect service in the above-captioned matter for an additional 120 days. Plaintiffs' time to effect service has not expired, and there has been no prior request by Plaintiffs for an extension of time to effect service.[1]

**FACTS REGARDING THE INSTANT MOTION**

On April 21, 2006, Plaintiffs filed the instant action against seven defendants, namely, the Socialist People's Libyan Arab Jamahiriya, the Libyan External Security Organization a/k/a the Jamahiriya Security Organization, Colonel Muammar Qadhafi, Abdullah Senoussi, Musa Kusa, Nasser Ali Ashour, and Khalifa Ahmed Bazelya. Declaration of Andrea Bierstein in Support of Plaintiffs' Motion for Extension of Time to Complete Service of Process ("Bierstein Dec."), attached hereto as Exhibit A, at ¶ 2. The claims asserted in this action arise under, among other grounds, 28 U.S.C. §§ 1605(a)(2) and 1605(a)(7), which provide exceptions to sovereign

---

[1] The 120-day period by which the Complaint and summons were to be served is due to expire on August 19, 2006.

immunity pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1601 *et seq*.

*See* Bierstein Dec. ¶ 4.

The FSIA contains stringent service requirements that must be followed in order to assert

claims against a foreign sovereign pursuant to the exceptions in 28 U.S.C. § 1605. *Id*. at ¶ 5.

Plaintiffs have attempted to comply fully with the service requirements set forth in 28 U.S.C.

§ 1608(a) regarding service upon a "foreign state or political subdivision of a foreign state" and

the requirements of 28 U.S.C. § 1608(b) regarding service upon an "agency or instrumentality of

a foreign state." *Id*. at ¶¶ 6-8.

Under either 28 U.S.C. §§ 1608(a)(1) (service upon a foreign state) or 1608(b)(1) (service

upon an agency or instrumentality of a foreign state), service should be made "by delivery of a

copy of the summons and complaint in accordance with any special arrangement for service

between the plaintiff and the foreign state or political subdivision."  Plaintiffs assert that no such

"special arrangement" is in existence to effect service pursuant to 28 U.S.C. §§ 1608(a)(1) and

1608(b)(1).

Pursuant to 28 U.S.C. § 1608(a)(2), if service is not possible pursuant to subsection (1),

then service should be made "by delivery of a copy of the summons and complaint in accordance

with an applicable international convention on service of judicial documents."  Plaintiffs assert

that Libya is not a party to the Hague Convention on the Service Abroad of Judicial and Extra-

Judicial Documents in Civil and Commercial Matters.  Plaintiffs further assert that there are no

additional applicable international conventions pursuant to which service might be

accomplished.  Therefore, service on Libya could not be effected as described in 28 U.S.C.

§ 1608(a)(2).

With respect to service upon the remaining defendants, instead of reliance on an international convention, 28 U.S.C. § 1608(b)(2) prescribes that service may be effected by "delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States." Much in the same manner that there is no applicable international convention with respect to service on Libya, there are no officers or agents duly authorized to receive service of process in the United States on behalf of the agency/instrumentality defendants.

Pursuant to 28 U.S.C. § 1608(a)(3), if service is not possible pursuant to subsection (1) or (2), then service should be made "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." Plaintiffs arramged to have the Complaint in this action translated into Arabic – the official language of Libya. Bierstein Dec. at ¶ 6. Completion of this task took approximately two months. *Id*. Thereafter, Plaintiffs hand-delivered to the Clerk of the Court those documents required by Section 1608(a)(3) accompanied by Plaintiffs' Request for Foreign Mailing Pursuant to 28 U.S.C. § 1608(a)(3). *Id*. at ¶ 7.

As set forth in a Certificate of Mailing docketed in this case on August 3, 2006, the Deputy Clerk of this Court mailed the Summons and Complaints and associated documents to each of the seven defendants via DHL on July 14, 2006. The Deputy Clerk attached to the Certificate of Mailing the DHL receipts, and tracking numbers, for all seven packages. The Certificate of Service notes that service was made "pursuant to the provisions of 28 U.S.C. § 1608(a)(3)." Bierstein Dec. ¶ 8.

On August 2, 2006, the Clerk of the Court made a minute entry noting the return of the Summonses, unexecuted, addressed to Defendants Abdullah Senoussi, Nasser Ali Ashour, and Khalifa Ahmed Bazelya. Attached to that docket entry are tracking reports from DHL for the packages addressed to these three defendants, indicating that, in each case, the recipient had refused delivery and the packages were returned to the Court. *Id.* at ¶ 9.

Plaintiffs' counsel has reviewed the tracking information from DHL for the remaining four defendants. DHL reports that the package addressed to defendant Kusa was delivered on July 23, 2006. DHL also reports delivery of the packages addressed to Libya and to LESO on July 23, 2006, but those tracking reports have subsequent notations, including notations dated this week, indicating that delivery may have been refused thereafter. Further inquiry will be required to determine the status of service on these defendants. In addition, the status of service upon Defendant Colonel Muammar Qadhafi is currently unknown (the DHL tracking report indicates "recipient moved"); DHL has instituted an inquiry to determine whether this package was, in fact, served upon the Libyan Ministry of Foreign Affairs. Bierstein Dec. ¶¶ 10-11.

Because Plaintiffs have been unable to effect service pursuant to 28 U.S.C. § 1608(a)(3) within 30 days of mailing to Defendants Colonel Muammar Qadhafi, Abdullah Senoussi, Nasser Ali Ashour, and Khalifa Ahmed Bazelya, Plaintiffs must resort to 28 U.S.C. § 1608(b)(3)(A) which permits service "as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request." Accordingly, Plaintiffs are contemporaneously filing with this motion Plaintiffs' Request for International Judicial Assistance (Letter Rogatory) to effect service on these unserved defendants. *Id*. at ¶ 12.

**POINTS AND AUTHORITIES**

**I.   STRICT ADHERENCE TO 28 U.S.C. § 1608 IS REQUIRED**

When attempting to serve a foreign state or a political subdivision of a state, "strict adherence to the terms of [28 U.S.C. §] 1608(a) is required." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994); *Abur v. Republic of Sudan*, 2006 WL 1888559, at *4 (D.D.C. July 10, 2006) (J. Bates).  In *Abur*, the Court held that "[t]he FSIA prescribes four methods for serving legal process on a foreign state, in descending order of preference – meaning that a plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on."  2006 WL 1888559, at *4.

In the present action, Plaintiffs have endeavored to follow the strictures of 28 U.S.C. § 1608 in effecting service as to the foreign state and political subdivision defendants.  This process, as described above in detail, has been timely as Plaintiffs were required to translate their 100-page Complaint into the Arabic language, transmit the proper documents to the Clerk of the Court for foreign mailing pursuant to 28 U.S.C. § 1608(a)(3), and wait for notification regarding whether service was effected by DHL.

Plaintiffs seek an extension of 120 days in order to continue their efforts to comply with the various steps set forth by statute in 28 U.S.C. § 1608 for service upon the foreign defendants who have been sued in both their official and personal capacities.

**II.   GOOD CAUSE EXISTS FOR THIS COURT TO EXTEND THE TIME**

Federal Rule of Civil Procedure 4(m) prescribes that service shall be effected within 120 days from the filing of the complaint; however, the Rules state that "provided that if the plaintiff shows good cause for the failure [to serve within 120 days], the court shall extend the time for service for an appropriate period."  Nevertheless, the Rule also states that this time limit on

5

service shall not apply "to service in a foreign country pursuant to subdivision (f) or (j)(1)." Subdivision (f) directly mirrors the service requirements of 28 U.S.C. § 1608(b) discussed above, and subdivision (j)(1) states, "Service upon a foreign state or a political subdivision, agency, or instrumentality thereof shall be effected pursuant to 28 U.S.C. § 1608."

Notwithstanding the language of Rule 4(m) which specifically excludes service in cases such as the instant case, Plaintiffs assert that they have shown good cause for this Court to extend the time for service for an additional 120 days. Bierstein Dec. at ¶ 13. Despite the good-faith efforts outlined above, Plaintiffs have been unable to complete service of process upon the Defendants in advance of the 120-day time period. *Id*. Plaintiffs' inability to effect service upon all Defendants stems from the number and location of the Defendants, the rigorous procedural requirements of the FSIA, the complexities of accomplishing service upon Defendants in a foreign country, and the delays associated with the translation of the Complaint into a foreign language. *Id*.

For the reasons set forth above, Plaintiffs respectfully submit that good cause exists for the entry of an Order extending the time period for effecting service in this case by an additional 120 days.

## CONCLUSION

WHEREFORE, Plaintiffs hereby respectfully request that the Court enter an Order granting them an extension of 120 days to effect service in this case, and all other relief this Court deems just and proper.

Dated: August 17, 2006                Respectfully submitted,


    /s/Jayne Conroy
Jayne Conroy, Esq. (D.C. Bar #451475)
HANLY CONROY BIERSTEIN SHERIDAN
  FISHER & HAYES LLP
112 Madison Avenue
New York, New York 10016-7416
Tel:  (212) 784-6400
Fax:  (2120 784-6420
jconroy@hanlyconroy.com

*Attorneys for Plaintiffs*