# EXHIBIT A

Case 1:06-cv-00729-JR     Document 6-2     Filed 08/17/2006     Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MCDONALD, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA,<br><br>Defendants. | Civil Action No. 1:06-CV-729 (JR) |

**DECLARATION OF ANDREA BIERSTEIN IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS**

ANDREA BIERSTEIN, being of full age, duly sworn and under oath, deposes and states as follows:

1.   I am a member of the law firm of Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP, 112 Madison Avenue, New York, New York 10016, counsel for Plaintiffs in the above-captioned action.

2.   On April 21, 2006, Plaintiffs filed this action. Plaintiffs are American and foreign nationals who were either injured in, are the estates of individuals who were killed in, or family members of individuals either killed or injured in terrorist attacks perpetrated by the Provisional Irish Republican Army ("PIRA") from 1983 through 1996. As alleged in the Complaint, plaintiffs believe that Defendants The Socialist People's Libyan Arab Jamahiriya ("Libya"), the Libyan External Security Organization a/k/a Jamahiriya Security Organization ("LESO"), Colonel Muammar Qadhafi, Abdullah Senoussi, Musa Kusa, Nasser Ali Ashour, and Khalifa Ahmed Bazelya personally and intentionally took action to ensure that the PIRA was supplied with ammunition, arms, finances, explosives, including the lethal explosive Semtex, explosive components, military and explosives training, bases of operation within the territorial boundaries

1

of Libya, public support, other material support and encouragement which materially supported the terrorist activities of the PIRA giving rise to the injuries suffered by the Plaintiffs in this action.

3. As noted above, two of the defendants are the government of Libya and its External Security Organization. The five individual defendants, many of whom were, at the time of the commission of the acts giving rise to the Complaint, designated as terrorists or terrorist sponsors by the United States Government, all reside in Libya.

4. The claims asserted in this action arise under, among other grounds, 28 U.S.C. §§ 1605(a)(2) and 1605(a)(7), which provide exceptions to sovereign immunity pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1601 *et seq*.

5. The FSIA contains stringent service requirements that must be followed in order to assert claims against a foreign sovereign and its agencies or instrumentalities under the exceptions set forth in § 1605. These service requirements are set forth at 28 U.S.C. §§ 1608(a) (specifying the method to be used for service upon a "foreign state or political subdivision of a foreign state") and 1608(b) (specifying the method to be used for service upon an "agency or instrumentality of a foreign state"). Both provisions require that, in the absence of an applicable convention or special arrangement for service (or other conditions not applicable here), that service be made by sending a copy of the Summons and Complaint, together with their translations into the official language of the country, by a form of delivery requiring a signed receipt.

6. Plaintiffs have attempted to comply fully with the service requirements of § 1608. Accordingly, soon after the commencement of this action, Plaintiffs arranged to have the Complaint translated into Arabic – the official language of Libya – by retaining the professional

services of The Legal Translating Service in Cambridge, Massachusetts. Obtaining the translation took approximately two months: the translations were certified and delivered to counsel for Plaintiffs on June 22, 2006. The translation process delayed the efforts of Plaintiffs to effectuate service upon the Defendants in this action.

7.  Plaintiffs thereafter hand-delivered to the Clerk of the Court copies of the Complaint in both English and Arabic, and copies of the Summons for each Defendant in both English and Arabic accompanied by Plaintiffs' Request for Foreign Mailing Pursuant to 28 U.S.C. § 1608(a)(3).

8.  As set forth in a Certificate of Mailing docketed in this case on August 3, 2006, the Deputy Clerk of this Court mailed the Summons and Complaints and associated documents to each of the seven defendants via DHL on July 14, 2006. The Deputy Clerk attached to the Certificate of Mailing the DHL receipts, and tracking numbers, for all seven packages. The Certificate of Service notes that service was made "pursuant to the provisions of 28 U.S.C. § 1608(a)(3)."

9.  On August 2, 2006, the Clerk of the Court made a minute entry noting the return of the Summonses, unexecuted, addressed to Defendants Abdullah Senoussi, Nasser Ali Ashour, and Khalifa Ahmed Bazelya. Attached to that docket entry are tracking reports from DHL for the packages addressed to these three defendants, indicating that, in each case, the recipient had refused delivery and the packages were returned to the Court.

10. I have reviewed the tracking information from DHL for the remaining four defendants. DHL reports that the package addressed to defendant Kusa was delivered on July 23, 2006. DHL also reports delivery of the packages addressed to Libya and to LESO on July 23, 2006, but those tracking reports have subsequent notations, including notations dated this

week, indicating that delivery may have been refused thereafter. Further inquiry will be required to determine the status of service on these defendants.

11. The status of service upon Defendant Colonel Muammar Qadhafi is currently unknown (the DHL tracking report indicates "recipient moved"), and I have been informed that DHL has instituted an inquiry to determine whether this package was, in fact, served upon the Libyan Ministry of Foreign Affairs.

12. Plaintiffs are preparing to file with this Court Plaintiffs' Request for International Judicial Assistance (Letter Rogatory) pursuant to 28 U.S.C. § 1608(b)(3)(A) to effect service on all unserved defendants.

13. Despite the good-faith efforts described above, Plaintiffs have been unable to effectuate service upon all of the Defendants pursuant to 120-day time limit set by the Federal Rules of Civil Procedure. Plaintiffs' inability to effect service on all of the Defendants stems from the number and location of the Defendants, the rigorous procedural requirements of the Foreign Sovereign Immunities Act ("FSIA"), the complexities of effectuating service upon Defendants in a foreign country and delays associated with the translation of the 100-page Complaint into the Arabic language.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 17, 2006

_____
Andrea Bierstein