IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MCDONALD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-CV-729 (JR) |
| ) | |
| THE SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' MOTION FOR SECOND EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Local Civil Rule 7 of this Court, Plaintiffs move this Court to extend the time by which Plaintiffs may effect service in the above-captioned matter for an additional 120 days. Plaintiffs' time to effect service – which was extended by the Court for an additional 120 days by Order on September 13, 2006 – has not expired, and there has been one prior request by Plaintiffs for an extension of time to effect service.[1]

**FACTS REGARDING THE INSTANT MOTION**

On April 21, 2006, Plaintiffs filed the instant action against seven defendants, namely, the Socialist People's Libyan Arab Jamahiriya (hereinafter "Libya"), the Libyan External Security Organization a/k/a the Jamahiriya Security Organization (hereinafter "LESO"), Colonel Muammar Qadhafi, Abdullah Senoussi, Musa Kusa, Nasser Ali Ashour, and Khalifa Ahmed Bazelya. Declaration of Andrea Bierstein in Support of Plaintiffs' Motion for Second Extension

---

[1] The 120-day period by which the Complaint and summons were to be served expired on August 19, 2006. By Order of the Court, an additional 120 days was provided to serve the Complaint and summons. This 120-day extension will expire on December 17, 2006.

of Time to Complete Service of Process ("Bierstein Dec."), attached hereto as Exhibit A, at ¶ 2. The claims asserted in this action arise under, among other grounds, the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1601 *et seq.* *Id.*

The FSIA contains stringent service requirements that must be followed in order to assert claims against a foreign sovereign when such claims are authorized by the FSIA. *Id.* at ¶ 3. Accordingly, plaintiffs in the above-captioned matter attempted to comply in whole with the service requirements set forth in 28 U.S.C. § 1608(a) regarding service upon a "foreign state or political subdivision of a foreign state" and the requirements of 28 U.S.C. § 1608(b) regarding service upon an "agency or instrumentality of a foreign state." *Id.* at ¶¶ 6-8.

Pursuant to 28 U.S.C. §§ 1608(a)(1) and 1608(b)(1), service should be made "by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." As set forth in the Bierstein Declaration, no such "special arrangement" is in existence to effect service pursuant to 28 U.S.C. §§ 1608(a)(1) and 1608(b)(1). Bierstein Dec. ¶ 4.

Pursuant to 28 U.S.C. § 1608(a)(2), if service was not possible pursuant to subsection (1), then service should be made "by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents." As set forth in the Bierstein Declaration, Libya is not a party to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters. Bierstein Dec. ¶ 5. Moreover, there are no additional applicable international conventions pursuant to which service might be accomplished. *Id.* Therefore, service pursuant to 28 U.S.C. § 1608(a)(2) could not be effected.

Pursuant to 28 U.S.C. § 1608(b)(2), the only difference from that set forth in Section 1608(a)(2) is that service may be effected by "delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States." Much in the same manner that there is no applicable international convention, there are no officers or agents duly authorized to receive service of process in the United States. *See* Bierstein Dec. ¶ 6.

Pursuant to 28 U.S.C. § 1608(a)(3), if service was not possible pursuant to subsection (1) or (2), then service should be made "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." Plaintiffs' efforts to accomplish service pursuant to this provision were detailed in plaintiffs' first motion for an extension of time to serve defendants. As set forth in the motion papers in support of that motion, this attempt was not successful.

Because Plaintiffs were unable to effect service pursuant to 28 U.S.C. § 1608(a)(3) within 30 days of mailing to Defendants Colonel Muammar Qadhafi, Abdullah Senoussi, Nasser Ali Ashour, and Khalifa Ahmed Bazelya, Plaintiffs turned to 28 U.S.C. § 1608(b)(3)(A) which permits service "as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request." Bierstein Dec. ¶ 8. Accordingly, Plaintiffs filed Plaintiffs' Request for International Judicial Assistance (Letter Rogatory) on August 17, 2006, to effect service on these unserved defendants. *Id.* at ¶ 10. On September 14, 2006, by email addressed to one of plaintiffs' lawyers, the Court requested that plaintiffs make certain changes to the form of the Letter Rogatory and further requested that counsel provided copies of

documents referenced in the Letter Rogatory.  On September 15, 2006, Ms. Conroy responded to the Court and provided the requested changes and referenced documents.  Nevertheless, the Letters Rogatory have not yet issued from this Court to the present date.  Therefore, service upon the individual unserved defendants pursuant to 28 U.S.C. § 1608(b)(3)(A) has been impossible over the course of the past three months.  Plaintiffs respectfully seek additional time for the Court to issue the Letters Rogatory and for the Department of State to submit them to the appropriate judicial authorities in Libya.

Furthermore, because Plaintiffs have been unable to effect service pursuant to 28 U.S.C. § 1608(a)(3) within 30 days of mailing to Defendants Libya and the LESO, Plaintiffs filed with the Court on October 26, 2006, a Request for Mailing Pursuant to 28 U.S.C. § 1608(a)(4) which provides that the State Department shall serve the documents through diplomatic channels.  *Id.* at ¶ 14.  On October 26, 2006, the Clerk's Office sent "Two copies of the summons, complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by certified mail, return receipt, delivery, to the U.S. Department of State, Office of Policy Review and Interagency Liaison, Overseas Citizens Services, 2100 Pennsylvania Avenue, NW, Fourth Floor, Washington, DC 20520, ATTN: Director of Overseas Citizens Services, pursuant to the provisions of 28 U.S.C. § 1608(a)(4)."  *Id.* at ¶ 16.  Section 1608(a)(4) provides that "the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted."  To date, there is no notation on the docket in this case that the Court has received a "certified copy of the diplomatic note indicating when the papers were transmitted."  *Id.* at ¶ 17.  Absent such a notation, Plaintiffs are unable to ascertain whether service has been perfected upon Defendants Libya and the LESO.  Plaintiffs respectfully seek an

4

appropriate period of time within which to allow the Department of State to "transmit one copy of the papers through diplomatic channels to" Libya and "send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted."

## POINTS AND AUTHORITIES

**I.      Strict Adherence to 28 U.S.C. § 1608 is Required**

When attempting to serve a foreign state or a political subdivision of a state, "strict adherence to the terms of [28 U.S.C. §] 1608(a) is required." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994); *Abur v. Republic of Sudan*, 2006 WL 1888559, at *4 (D.D.C. July 10, 2006) (J. Bates). In *Abur*, the Court held that "[t]he FSIA prescribes four methods for serving legal process on a foreign state, in descending order of preference – meaning that a plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." 2006 WL 1888559, at *4.

In the present action, Plaintiffs have endeavored to follow the strictures of 28 U.S.C. § 1608 in effecting service as to the foreign state and political subdivision defendants. This process, as described above in detail, has been timely as Plaintiffs were required to translate their 100-page Complaint into the Arabic language, transmit the proper documents to the Clerk of the Court for foreign mailing pursuant to 28 U.S.C. § 1608(a)(3), and wait for notification regarding whether service was effected by DHL. Plaintiffs further note that, after providing the Court with Plaintiffs' Request for Foreign Mailing, 22 days passed before those documents were actually dispatched by the Clerk's office. When Section 1608(a)(3) was not successful, Plaintiffs timely requested the issuance of Letters Rogatory pursuant to 28 U.S.C. § 1608(b)(3)(A) upon the

5

individual defendants and for service via diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4) on Libya and the LESO. To date, these procedures continue to be viable.

Plaintiffs seek an additional extension of 120 days in order to continue to comply with the various steps set forth by statute in 28 U.S.C. § 1608 for service upon the foreign defendants who have been sued in both their official and personal capacities including the issuance of Letters Rogatory as to the individual defendants and awaiting transmission to the Clerk's Office of a certified copy of the diplomatic note dispatched by the Department of State as to Defendants Libya and the LESO.

## II.    Good Cause Exists for This Court to Extend the Time

Federal Rule of Civil Procedure 4(m) prescribes that service shall be effected within 120 days from the filing of the complaint; however, the Rules states that "provided that if the plaintiff shows good cause for the failure [to serve within 120 days], the court shall extend the time for service for an appropriate period." Nevertheless, the Rule also states that this time limit on service shall not apply "to service in a foreign country pursuant to subdivision (f) or (j)(1)." Subdivision (f) directly mirrors the service requirements of 28 U.S.C. § 1608(b) discussed above, and subdivision (j)(1) states, "Service upon a foreign state or a political subdivision, agency, or instrumentality thereof shall be effected pursuant to 28 U.S.C. § 1608."

Notwithstanding the language of Rule 4(m) which specifically excludes service in cases such as the instant case, Plaintiffs have shown good cause for this Court to extend the time for service for an additional 120 days. *See* Bierstein Dec. ¶¶ 10-17. Despite the good-faith efforts outlined above, Plaintiffs have been unable to complete service of process upon the Defendants in advance of the extended 120-day time period. Plaintiffs' inability to effect service upon all Defendants stems from the number and location of the Defendants, the rigorous procedural

requirements of the FSIA, the complexities of accomplishing service upon Defendants in a foreign country, and delays associated with diplomatic processes required to effect service. *Id.*at ¶ 17.

For the reasons set forth above, Plaintiffs respectfully submit that good cause exists for the entry of an Order extending the time period for effecting service in this case by an additional 120 days.

## CONCLUSION

WHEREFORE, Plaintiffs hereby respectfully request that the Court enter an Order granting them an extension of 120 days to effect service in this case, and all other relief this Court deems just and proper.

Dated: December 15, 2006                                Respectfully submitted,


   /S/ Jayne Conroy
Jayne Conroy, Esq. (D.C. Bar #451475)
Andrea Bierstein, Esq.
HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYES LLP
112 Madison Avenue
New York, New York 10016-7416
(212) 784-6400
Fax: (212) 784-6420
jconroy@hanlyconroy.com

*Attorneys for Plaintiffs*