# EXHIBIT A

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK MCDONALD, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 1:06-CV-729 (JR) |
| ) | |
| **THE SOCIALIST PEOPLE'S LIBYAN** ) | |
| **ARAB JAMAHIRIYA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### DECLARATION OF ANDREA BIERSTEIN IN SUPPORT OF PLAINTIFFS' MOTION FOR SECOND EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS

ANDREA BIERSTEIN, being of full age, duly sworn and under oath, deposes and states as follows:

1. I am a member of the law firm of Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP, 112 Madison Avenue, New York, New York 10016, counsel for Plaintiffs in the above-captioned action.

2. This action was commenced on April 21, 2006 against seven defendants: the Socialist People's Libyan Arab Jamahiriya ( "Libya"), the Libyan External Security Organization a/k/a the Jamahiriya Security Organization ( "LESO"), Colonel Muammar Qadhafi, Abdullah Senoussi, Musa Kusa, Nasser Ali Ashour, and Khalifa Ahmed Bazelya.. The claims asserted in this action arise under, among other grounds, the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1601 *et seq*.

3. The FSIA contains stringent service requirements that must be followed in order to assert claims against a foreign sovereign when such claims are authorized by the FSIA.

4. Pursuant to 28 U.S.C. §§ 1608(a)(1) and 1608(b)(1), service should be made "by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." Plaintiffs assert that no such "special arrangement" is in existence to effect service pursuant to §§ 1608(a)(1) and 1608(b)(1).

5. Pursuant to § 1608(a)(2), if service was not possible pursuant to subsection (1), then service should be made "by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents." Plaintiffs assert that Libya is not a party to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters. Plaintiffs further assert that there are no additional applicable international conventions pursuant to which service might be accomplished. Therefore, service pursuant to § 1608(a)(2) could not be effected.

6. Pursuant to § 1608(b)(2), the only difference from that set forth in § 1608(a)(2) is that service may be effected by "delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States." Much in the same manner that there is no applicable international convention, there are no officers or agents duly authorized to receive service of process in the United States.

7. Pursuant to § 1608(a)(3), if service was not possible pursuant to subsection (1) or (2), then service should be made "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any

2

form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." Plaintiffs arranged to have the Complaint in this action translated into Arabic – the official language of Libya. Thereafter, Plaintiffs hand-delivered to the Clerk of the Court those documents required by § 1608(a)(3) accompanied by Plaintiffs' Request for Foreign Mailing Pursuant to 28 U.S.C. § 1608(a)(3).

8. As described in my declaration dated August 17, 2006, in support of plaintiffs' first request for an extension of time, this effort at service was unsuccessful. Accordingly, with respect to Defendants Colonel Muammar Qadhafi, Abdullah Senoussi, Nasser Ali Ashour, and Khalifa Ahmed Bazelya, Plaintiffs turned to § 1608(b)(3)(A) which permits service "as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request."

9. Because it was clear that this new effort would require additional time, on August 17, 2006, plaintiffs filed a motion requesting that the Court extend the deadline by 120 days. The details of plaintiffs' efforts to accomplish service during the first 120-day period, are set forth in my August 17 declaration. The Court granted the motion and plaintiffs' time to accomplish service was extended an additional four months, which will expire on December 17, 2006.

10. Also on August 17, 2006, to effectuate our efforts to serve all unserved defendants pursuant to § 1608(b)(3)(A), plaintiffs filed with the Court Plaintiffs' Request for International Judicial Assistance (Letter Rogatory) pursuant to 28 U.S.C. § 1608(b)(3)(A).

11. On September 14, 2006, by email addressed to my partner, Jayne Conroy, the Court requested that plaintiffs make certain changes to the form of the Letter Rogatory and further requested that counsel provided copies of documents referenced in the Letter Rogatory.

12. On September 15, 2006, Ms. Conroy responded to the Court and provided the requested changes and referenced documents.

13. Nonetheless, so far as plaintiffs are aware, and, as reflected on the Court's docket sheet for this case, the Letters Rogatory have not yet issued from this Court.

14. In addition, because plaintiffs have been unable to effect service pursuant to § 1608(a)(3) within 30 days of mailing to Defendants Libya and the LESO, on October 26, 2006, Plaintiffs filed a request for mailing to the United States Department of State with the Clerk's Office pursuant to 28 U.S.C. § 1608(a)(4) for service upon Libya and the LESO through diplomatic channels.

15. As reflected in the court's docket, on October 26, 2006, the Clerk's Office sent "Two copies of the summons, complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by certified mail, return receipt, delivery, to the U.S. Department of State, Office of Policy Review and Interagency Liaison, Overseas Citizens Services, 2100 Pennsylvania Avenue, NW, Fourth Floor, Washington, DC 20520, ATTN: Director of Overseas Citizens Services, pursuant to the provisions of 28 U.S.C. § 1608(a)(4)."

16. To date, there is no notation on the docket in this case that the Court has received a certified copy of the diplomatic note indicating when the papers were transmitted.

17. Despite plaintiffs' additional good faith efforts to serve defendants by Letter Rogatory and diplomatic channels during this second 120-day period, service has not yet been accomplished upon all defendants. Plaintiffs' inability to effect service on all of the Defendants

stems from the number and location of the Defendants, the rigorous procedural requirements of the Foreign Sovereign Immunities Act ("FSIA"), and the complexities of effectuating service upon Defendants in a foreign country.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 15, 2006

_____
Andrea Bierstein