IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MCDONALD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-CV-729 (JR) |
| ) | |
| THE SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' STATUS REPORT

On July 6, 2007, the Court issued an Order directing Plaintiffs to file a Status Report with the Court within 30 days. Docket Entry 22. This Status Report is submitted on behalf of the named Class Representative Plaintiffs on behalf of the putative class of Plaintiffs (or "Plaintiffs"). At the Court's direction, the Plaintiffs respectfully submit this Status Report to apprise the Court *inter alia* of the nature and current state of these proceedings relating to service of process and the filing of responsive papers by the Defendants in this case.

**I.    PARTIES**

   **A.    Plaintiffs**

Plaintiffs herein include two putative classes of Plaintiffs, the "American Class" and the "Alien Class" whose claims arise out of a campaign of terrorism and murder in the form of bombings using Semtex provided by Defendants against civilian targets in the United Kingdom, including Northern Ireland committed by the Provisional Irish Republican Army ("PIRA") as

aided and abetted by the Defendants herein. *See* Complaint [Docket Entry 1] at Introduction and ¶5 - 158. As the Complaint alleges:

> Libya has provided Semtex to terrorists and terrorist organizations throughout the globe. More specifically, Libya has provided multiple tons of Semtex to the PIRA, some of which is still being held by militant Irish factions …

*Id* at 232. The Plaintiffs herein are seeking damages suffered as a result of the attacks committed by the PIRA that were a foreseeable consequence of the financial, logistical aid and material support provided by Libya to the PIRA, which the PIRA continued to utilize until its cease-fire agreement in 1997. The putative American Class is represented by five (5) American Class Representatives including claims on behalf of an Estate, and the putative Alien Class is represented by one hundred forty (140) Alien Class Representatives Plaintiffs including claims on behalf of Estates. Plaintiffs are represented by the law firm of Motley Rice LLC.

   **B.**  **Defendants**

The Defendants herein are the Socialist People's Libyan Arab Jamahiriya (Defendant "Libya"), its agents and instrumentalities, Libyan External Security Organization *a/k/a* Jamahiriya Security Organization (Defendant "LESO"), Colonel Muammar Qadhafi, Abdullah Senoussi, Musa Kusa, Nasser Ali Ashour, and Khalifa Ahmed Bazelya. The law firm of Eckert Seamans Cherin & Mellott, LLC has entered appearances on behalf of Libya, LESO, and Defendant Musa Kusa in this action.

**II.**  <u>**STATUS OF SERVICE**</u>

On April 21, 2006, Plaintiffs filed the instant action against the Defendants. The claims asserted in this action arise under, among other grounds, 28 U.S.C. §§ 1605(a)(2), 1605(a)(7) constituting waivers of immunity pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1601 *et seq.*. The claims for common-law remedies including wrongful death,


battery, civil conspiracy, intentional infliction of emotional distress (both for victims and survivors), loss of consortium in addition to claims arising under the Torture Victim Protection Act, 28 U.S.C. § 1350, note, and the Flatow Amendment to the FSIA, 28 U.S.C. § 1605, note. Furthermore, claims and personal jurisdiction are also premised on the Alien Tort Statute, 28 U.S.C. § 1350, for aiding and abetting, intentionally facilitating and/or recklessly disregarding crimes against humanity in violation of the law of nations.

The plaintiffs assert that service upon Defendant Kusa was effected pursuant to 28 U.S.C. § 1608(a)(3) as set forth in Plaintiffs' Proof of Service as to Defendant Musa Kusa filed with this Court on December 15, 2006. *See* Docket Entry 11. As set forth in Plaintiffs' Proof of Service as to Defendant Musa Kusa, service was completed on July 23, 2006, as to that defendant. *Id.* Plaintiffs further assert that Defendants Libya and the LESO were served via diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4) on February 1, 2007. *See* Docket Entry 17; State Department Proof of Service. Defendants Libya, LESO and Kusa do not concede that service was properly effected against them and have reserved the right to assert improper service in their responsive filings. *See* Docket Entry 18. This Court has issued letters rogatory for service of process upon the other named Defendants in this action, and no action has been ascertained from the Department of State on these letters rogatory. *See* Docket Entry 13 (dated December 20, 2006, ordering the issuance of letters rogatory).

In late March 2007, Plaintiffs' counsel and counsel for Libya, LESO and Defendant Musa Kusa conferred on the issue of whether the Defendants would waive service of process on Defendants Qadhafi, Senoussi, Ashour, and Bazelya. Libya's counsel informed Plaintiffs' counsel that such waiver could not be accomplished. Therefore, on April 3, 2007, the parties submitted a joint motion for deferring the filing of responsive papers by the served Defendants

pending service upon the remaining Defendants through the letters rogatory process. *See* Docket Entry 18. The Court entered an Order on April 4, 2007, stating, "it is hereby ORDERED that the response to be filed by Defendants Libya and the LESO shall be deferred until such time as service is perfected upon the other named Defendants. It is further ORDERED that at such time as service is perfected upon all Defendants in this action, the parties shall submit a joint proposed briefing schedule on any motions to dismiss that will be filed in lieu of an Answer." Docket Entry 19.

Since that time, Plaintiffs have again requested that service of process be waived as to Defendants Qadhafi, Senoussi, Ashour, and Bazelya. Plaintiffs' counsel again requested that Libya's counsel of record herein accept service on these persons alleged to be Libya's agents and were again informed that defense counsel is not authorized to accept service of process on behalf of these Defendants. (To date, there has been no entrance of an appearance by any of these four Defendants.)

Plaintiffs' counsel also has requested any information that the U.S. Department of State might be able to provide on the status of the letters rogatory that were issued by this Court for service of process in Libya. (*See* Docket Entry 16) The State Department informed Plaintiffs' counsel that it will endeavor to update the Plaintiffs on the status of the service of those letters rogatory. As of this date, no definitive information has been received. Plaintiffs anticipate being given an update by the State Department within the next two weeks and will supplement this status report upon receipt of additional information on the status of service upon the remaining defendants.

In the event that service cannot be completed by the Department of State within a reasonable and pre-determined time frame, Plaintiffs propose that the parties currently before the

4

Court meet and confer and jointly submit a proposed briefing schedule as anticipated and dictated in the Court's Order of April 4, 2007.

**CONCLUSION**

The Plaintiffs hereby submit this Status Report to inform the Court of the procedural status of this case as they currently know it. If helpful to the Court, counsel remains available to appear for a status conference to discuss the ongoing issues relating to service and scheduling in this case.

Dated: August 6, 2007                                   Respectfully submitted,

    /S/ Jodi W. Flowers
Ronald L. Motley, Esq.
Donald A. Migliori, Esq.
Jodi Westbrook Flowers, Esq.
Justin B. Kaplan, Esq.
John M. Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC  29465
(843) 216-9000
Fax: (843) 216-9450
jeubanks@motleyrice.com

*Attorneys for Plaintiffs*