IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MCDONALD, et al.,  )  <br> ) <br> Plaintiffs,  ) <br> ) <br> v.  ) <br> ) <br> THE SOCIALIST PEOPLE'S LIBYAN  ) <br> ARAB JAMAHIRIYA, et al.,  ) <br> ) <br> Defendants.  ) <br> ) | Civil Action No. 1:06-CV-729 (JR) |

## PLAINTIFFS' SUPPLEMENTAL STATUS REPORT

On August 6, 2007, Plaintiffs filed a status report with the Court as ordered on July 6, 2007. Docket Entry 23. The initial Status Report stated, "Plaintiffs anticipate being given an update by the State Department within the next two weeks and will supplement this status report upon receipt of additional information on the status of service upon the remaining defendants." *Id.* at 4. Plaintiffs hereby submit to the Court the additional information received from a representative of the United States Department of State.

Plaintiffs inquired of William P. Fritzlen, Attorney Advisor in the State Department's Office of Policy Review and Inter-Agency Liaison, to update them regarding the status of the letters rogatory issued by this Court and submitted by Plaintiffs' counsel to the State Department's Office of American Citizen Services. To Plaintiffs' surprise, after inquiring with the Office of American Citizen Services, Mr. Fritzlen informed Plaintiffs that the State Department had no record of having received the letters rogatory and accompanying documents. In a letter to Mr. Fritzlen, attached hereto as Exhibit A, Plaintiffs' counsel submitted proof of

signature and an invoice from Federal Express indicating that the package of documents had, in fact, arrived at the State Department and requesting that further inquiry be instituted based on the proof of signature.

**SERVICE OF PROCESS SOLUTIONS**

    **A.**    **Re-Issuance of Sealed and Apostilled Letters Rogatory Documents from Court**

Plaintiffs now find themselves in the position of positing three potential solutions to this Court to further effectuate service upon the four as-of-yet unserved individuals named in the Complaint, to wit, Muammar Qadhafi, Abdullah Senoussi, Nasser Ali Ashour, and Khalifa Ahmed Bazelya. The first solution would be for the Court to re-issue the letters rogatory with the Court's seal and apostille to be submitted to the State Department to replace the original set that had been lost after delivery to the State Department. The seal and apostille are necessary for authentication purposes of the appropriate judicial authorities in Libya to execute the letters rogatory issued by this Court. The original sealed and apostilled documents provided by the Court were sent to the State Department and were presumably lost. Mr. Fritzlen has informed Plaintiffs' counsel that he would ensure that the documents were received by the appropriate office within the State Department in order for the documents to expeditiously reach the appropriate judicial authorities in Libya as soon as possible. *See* e-mail from William P. Fritzlen to John M. Eubanks dated August 17, 2007, attached hereto as Exhibit B.

    **B.**    **In the Alternative, Or In Addition, the Court Could Permit Service By Publication**

The second solution would be for the Court to permit service upon these named individuals by publication pursuant to Federal Rule of Civil Procedure 4(f)(3) which permits service upon individuals not within a judicial district in the United States as directed by the Court as long as such service is not prohibited by international agreement. Plaintiffs herein have

attempted service by means of serving the individually-named defendants through the Libyan Ministry of Foreign Affairs (also known as the General People's Committee for Foreign Liaison and International Cooperation) and also by means of letters rogatory. In an effort to expedite the process of serving these individuals whose specific whereabouts are unknown at the present time and whose former roles as foreign government officials would suggest that locating them for personal service in Libya would be futile, Plaintiffs should be permitted to serve these defendants by publication. The fact that the allegations against these individuals include the provision of material support or resources to the Provisional Irish Republican Army which utilized this assistance to attack Western targets would further support the notion that Plaintiffs' attempts at personal service would be futile.

The Advisory Committee notes to Rule 4(f)(3) show that the Court, in its discretion, should authorize a method for service of process that is reasonably calculated to apprise the interested parties of the pending action and to afford them an opportunity to present their objections. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Plaintiffs assert that publication in such journals as the *International Herald-Tribune* and Libyan journals such as *Al Shams*, *Al Fajer Al Jadeed*, or *Al Jumhuriah* - assuming they would publish a notice of suit - would properly apprise the individually-named defendants of this pending lawsuit and direct them to a website where a copy of the Complaint and Summons in this action would be posted in both English and Arabic.

    **C.**    **In the Alternative, Or In Addition, Plaintiffs Could Effectuate Service Upon the Individually-Named Defendants By Serving Attorneys for Libya**

As stated above, Rule 4(f)(3) permits the Court to authorize service of process, in its discretion, through a method that is reasonably calculated to apprise the interested parties of the pending action and to afford them an opportunity to present their objections. Plaintiffs believe that, if served, these four individuals would be represented in this Court by the law firm of

Eckert Seamans Cherin & Mellott, LLC ("Eckert Seamans"), the firm currently representing Defendants The Socialist People's Libyan Arab Jamahiriya ("Libya"), the Libyan External Security Organization a/k/a Jamahiriya Security Organization ("LESO"), and Musa Kusa ("Kusa").  As the firm has already been retained to represent one of the five individuals subject to suit in this action, Plaintiffs have no reason to believe that this same firm will also represent the additional individual defendants.  Furthermore, Eckert Seamans currently represents two of the individuals against whom service is outstanding in other cases in this District.  As determined by a search of the Court's ECF/CM system, Eckert Seamans currently represents Defendants Muammar Qadhafi and Abdullah Senoussi in two other cases currently pending before Judge Kessler in this District, to wit, *Buonocore v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 06-cv-727-GK, and *Certain Underwriters at Lloyds London v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 06-cv-731-GK.  In addition, these same two parties are currently represented in this District by the Law Offices of Arman Dabiri in at least five additional cases.[1]

     The Court may look to *Forum Financial Group, LLC v. President and Fellows of Harvard College*, 199 F.R.D. 22 (D. Me. 2001), to support the principle of service upon the defendants' attorneys pursuant to Rule 4(f)(3).  In *Forum Financial*, the court held that court-directed service "is not a last resort, nor is it any less favored than service under subsections (1) and (2)" of Rule 4(f).  199 F.R.D. at 23.  In that case, service upon the attorney regardless of the attorney's authorization to accept service on behalf of their client, was permitted.  In the interest of judicial economy and cost to Plaintiffs, Plaintiffs would assert that the Court would be within

---

[1] Defendants Qadhafi and Senoussi are represented by Arman Dabiri in *Collett v. Socialist People's Libyan Arab Jamahiriya*, Case No. 01-cv-2103-RMU-AK; *Pugh v. Socialist People's Libyan Arab Jamahiriya*, Case No. 02-cv-2026-HHK; *La Reunion Aerienne v. Socialist People's Libyan Arab Jamahiriya*, Case No. 05-cv-1932-HHK; *Patel v. Socialist People's Libyan Arab Jamahiriya*, Case No. 06-cv-626-PLF; *Baker v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 03-cv-749-GK.  Defendant Qadhafi is also represented by Mr. Dabiri in *Beecham v. Socialist People's Libyan Arab Jamahiriya*, Case No. 01-cv-2243-RWR-DAR.

its discretion to permit service upon Libya's counsel or, in addition, to affect service upon Defendant Qadhafi and Senoussi's other counsel in this District, Arman Dabiri.

## CONCLUSION

The Plaintiffs hereby submit this Supplemental Status Report to inform the Court of the procedural status of service of process in this case and potential means to address these service issues involving Court intervention.  Plaintiffs hereby request re-issuance of the requisite sealed and apostilled letters rogatory documents to be re-served upon the State Department.[2]  If the Court so desires, Plaintiffs' counsel is prepared to submit briefing on the issues of service via publication or service upon Libya's attorneys.  Furthermore, Plaintiffs' counsel remain willing to appear for a status conference to discuss the ongoing issues relating to service in this case.

Dated:  August 23, 2007             Respectfully submitted,

                                    __/S/ Jodi W. Flowers_____
                                    Ronald L. Motley, Esq.
                                    Donald A. Migliori, Esq.
                                    Jodi Westbrook Flowers, Esq.
                                    Vincent I. Parrett, Esq.
                                    Justin B. Kaplan, Esq.
                                    John M. Eubanks, Esq.
                                    MOTLEY RICE LLC
                                    28 Bridgeside Blvd.
                                    P.O. Box 1792
                                    Mount Pleasant, SC  29465
                                    (843) 216-9000
                                    Fax: (843) 216-9450
                                    jeubanks@motleyrice.com

                                    *Attorneys for Plaintiffs*

---

[2] Plaintiffs only request re-issuance of the following documents: Apostille, Statement of Effect of Apostille, Docket Entry Number 13 with attestation by the Clerk of the Court of the ECF Document, and the signed Request for Judicial Assistance (Letter Rogatory) with Exemplification Certificate.  Copies of these documents issued by the Court are attached hereto as Exhibit C.  All other documents and their Arabic counterparts shall be provided by Plaintiffs to the State Department.