IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK McDONALD, et al.            ) | |
| )| |
| Plaintiffs,            ) | |
| )| |
| v.            ) | Case No. 1:06-cv-00729-JR |
| )| |
| SOCIALIST PEOPLE'S LIBYAN ARAB   ) | |
| JAMAHIRIYA, et al.            ) | |
| )| |
| Defendants.            ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL STATUS REPORT**

Defendants, Socialist People's Libyan Arab Jamahiriya, Libyan External Security Organization, and Musa Kusa, by undersigned counsel, hereby respond to Plaintiffs' August 24, 2007 Supplemental Status Report in which Plaintiffs requested an Order permitting service upon the remaining unserved Libyan Defendants via publication or service upon undersigned counsel. Plaintiffs have failed to establish that alternative means of service are required given the facts of the case, and therefore, to the extent the Court permits Plaintiffs additional time to serve the Complaint[1], Plaintiffs should be required to personally serve the individual Libyan defendants. In support of this Response, Defendants state as follows:

    1.    On August 24, 2007, Plaintiffs filed a Supplemental Status Report informing the Court of their efforts to serve the unserved individual Libyan Defendants, Muammar Qadhafi, Abdullah Senoussi, Nasser Ali Ashour, and Khalifa Ahmed Bazelya. In their Report, Plaintiffs state that a Federal Express package sent by Plaintiffs' counsel to the State Department including

---

[1] Plaintiffs previously filed two separate Motions for Extension of Time to Complete Service of Process. Each motion requested a 120 day extension to effect service. The Court granted Plaintiff's initial Motion on September 13, 2006 and subsequent Motion for Extension on January 12, 2007. However, the most recent 120 day extension has lapsed and Plaintiffs have not requested additional time to effect service on the unserved individual Libyan Defendants.

letters rogatory issued by this Court had been lost or misplaced. As a result, Plaintiffs request that the letters rogatory be re-issued by the Court so that Plaintiffs may replace the lost documents originally sent to the State Department for service upon the appropriate judicial authorities in Libya. In support of their request, Plaintiffs have attached an email from William P. Fritzlen, Attorney Advisor in the State Department's Office of Policy Review and Inter-Agency Liaison, in which he states that he will ensure that any re-issued letters rogatory would expeditiously reach the appropriate judicial authorities in Libya. See Exhibit B to Plaintiffs' Supplemental Status Report. To the extent that the Court permits Plaintiffs additional time to serve the individual Libyan Defendants, Defendants do not object to the re-issuance of letters rogatory.[2]

2. Plaintiffs further request that the Court permit service upon the unserved individual Libyan Defendants by publication pursuant to Federal Rule of Civil Procedure 4(f)(3). Plaintiffs state that the specific whereabouts of the individual Libyan Defendants are unknown, and that their former roles as foreign government officials suggests that locating the individual Libyan Defendants would be futile. However, Plaintiffs' Supplemental Status Report is completely silent as to what steps, if any, they have taken to locate the individual Libyan Defendants. In fact, there are private process servers and similar services available in Libya to assist Plaintiffs with personal service of the Complaint on the individual Libyan Defendants. Plaintiffs apparently have made no effort to contact any such private process servers in Libya

---

[2] The Court granted Plaintiffs' Motion for Issuance of Letters Rogatory on December 20, 2006 and letters rogatory were issued on that same date. However, Plaintiffs did not send those letters rogatory to the State Department until nearly four months later on April 17, 2007. Moreover, Plaintiffs did not inquire as to the status of service with the State Department until August, 2007, and only after the Court's July 6, 2007 Order requiring Plaintiffs to file a status report with the Court. See Filing Nos. 13 and 22, herein and Exhibits A and B attached to Plaintiffs' Supplemental Status Report. This case was filed on April 21, 2006. The delay of nearly one and a half years in serving the individual Libyan Defendants has not been explained and appears to be the result of dilatory efforts to effect service. Therefore, the Court should not grant Plaintiffs any additional time for serving the individual Libyan Defendants and dismiss all claims against them for lack of service.

and have not taken any other steps to determine their whereabouts. Plaintiffs' conclusory statement that attempts at personal service on the individual Libyan Defendants would be futile is without support and Plaintiffs' request that the Court permit service upon the unserved individual Libyan Defendants by publication should be denied by the Court.

3. In addition, due process mandates personal delivery and notice. Alternative means of service should only be considered when such personal delivery has not been possible. Moreover, service by publication must be reasonably calculated to apprise the defendant of the pendency of the action. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (cited by Plaintiffs in their Supplemental Status Report). However, the Supreme Court cautioned in Mullane, "[c]hance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed." Id. at 315. Plaintiffs have conceded that the specific whereabouts of the individual Libyan Defendants are unknown to them. Accordingly, it does not follow that service by publication would be reasonably calculated to give the Defendants notice of the pendency of the instant matter. Plaintiffs cannot show that the individual Libyan Defendants reside within an area of normal circulation for any of the proposed publications listed in their Supplemental Status Report. For the foregoing reasons, service by publication would not be reasonably calculated to apprise the individual Libyan Defendants of the case at bar, and Plaintiffs' request that the Court enter an Order permitting service by publication should be denied.

4. Plaintiffs further request that the Court authorize service on the individual Libyan Defendants via undersigned counsel. Plaintiffs argue that undersigned counsel is currently

representing Defendants, Socialist People's Libyan Arab Jamahiriya, Libyan External Security Organization, and Musa Kusa in this action, and is likely to represent the additional unserved individual Libyan Defendants.  Plaintiffs further argue that undersigned counsel represents the unserved individual Libyan Defendants in other matters pending in the United States District Court for the District of Columbia.  However, the fact that undersigned counsel is representing Co-defendants in this matter, or represents any of the unserved individual Defendants in other matters, is completely irrelevant to Plaintiffs' obligation to personally serve the individual Libyan Defendants *in this case*.  Undersigned counsel is not authorized to accept service on behalf of any of the unserved individual Libyan Defendants and counsel has informed Plaintiffs' counsel of this fact.  Moreover, undersigned counsel has challenged the sufficiency of service of process in the other cases pending against the unserved individual Libyan Defendants, Muammar Qadhafi and Abdullah Senoussi, and intends to move for the dismissal of the Complaint against any Defendant herein who has not been properly served.  Accordingly, this Court should deny Plaintiff's request that the Court authorize service on the individual Libyan Defendants through undersigned counsel.

5.      As support for their request that the Court authorize service on the individual Libyan Defendants via undersigned counsel, Plaintiffs rely upon the decision in Forum Financial Group, LLC v. President and Fellows of Harvard College, 199 F.R.D. 22 (D. Me. 2001).  However, the facts in Forum Financial are clearly distinguishable from the facts in the case before this Court.  The plaintiffs in Forum Financial presented specific evidence of their attempts to personally serve the individual defendant, but that the defendant had evaded service, and that his attorney had previously accepted service on behalf of his client in another pending matter in a separate U.S. District Court case.  Id. at 24-25.  In the case at bar, undersigned counsel has never

4

accepted service on behalf of Libya or any individual Libyan Defendant and have actually challenged the sufficiency of service on individual Libyan defendants in other matters. More importantly, the Plaintiffs in the case before this Court have offered no evidence that the individual Libyan Defendants have attempted to avoid service. Rather, Plaintiffs have failed to serve the individual Libyan Defendants nearly one and a half years after filing their Complaint due to their own dilatory conduct. For the foregoing reasons, this Court should deny Plaintiff's request that the Court authorize service on the individual Libyan Defendants via undersigned counsel.[3]

6. Plaintiffs have failed to establish that alternative means of service are required given the facts of the case. The Court should not enter an Order permitting service by publication or via undersigned counsel due to Plaintiffs' delay in attempting to serve the individual Libyan Defendants. To the extent the Court permits Plaintiffs additional time to serve the Complaint, Plaintiffs should be required to personally serve the individual Libyan Defendants.

WHEREFORE, Defendants request that the Court deny Plaintiffs' request for an Order permitting service upon Defendants via publication or service upon undersigned counsel.

---

[3] Plaintiffs also request that they be permitted to serve the individual Libyan Defendants by delivering the summons and complaint upon Arman Dabiri, another attorney who according to Plaintiffs represents Libya in other pending matters before the U.S. District Court for D.C. However, Mr. Dabiri has no connection with the case before this Court. For the reasons stated herein, the Court should also deny any request that Plaintiffs be permitted to serve the individual Libyan Defendants in this matter through separate counsel who has no relationship to these proceedings.

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: ___/s/ Mark A. Johnston___
Thomas J. Whalen, Esq. (Bar No. 208512)
Mark A. Johnston, Esq. (Bar No. 455764)
1747 Pennsylvania Ave., N.W.,
Twelfth Floor
Washington, D.C. 20006
(202) 659-6600

Of Counsel:

Wendy West Feinstein, Esq. (Pa ID No. 86698)
600 Grant Street
44th Floor
Pittsburgh, PA 15219
(412) 566-6000

Counsel for Defendants, Socialist People's Libyan Arab Jamahiriya, Libyan External Security Organization and Musa Kusa

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Response to Plaintiffs' Supplemental Status Report** was electronically filed and served, this 12th day of September, 2007, to:

Jayne Conroy
Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP
112 Madison Avenue
New York, NY 10016-7416

Donald A. Migliori
Motley Rice, LLC
321 South Main Street
Providence, RI 02940

Jodi Westbrook Flowers
John Michael Eubanks
Justin B. Kaplan
Michael E. Elsner
Michelle Dara Hodkin
Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465

_/s/ Mark A. Johnston_
Mark A. Johnston