# EXHIBIT G

Case 1:06-cv-00729-JR   Document 27-9   Filed 01/18/2008   Page 1 of 4

# EXHIBIT B

### Affidavit of Nelson Tucker

I, Nelson Tucker, declare under penalty of perjury of the laws of the United States of America, that the following is true and correct, that I have personal knowledge as to the facts stated, and that I could competently testify, if called, that:

1. I am the President of *Process Service Network*, an international service of process firm, am over the age of 18 years, and not a party to the within-named action. I have been a Registered Process Server and owner of an attorney service since 1978. I have authored two (2) books on service of process, investigations and court filing procedures and have conducted training seminars for the past 18 years. I regularly serve, or cause to be served, legal documents domestically and worldwide and supervise all international service assignments. I currently teach Service of Process and Court Filing Procedures at *Los Angeles Valley College* and Service of Process at *Legal Services Institute*. I am a Life Member of the *National Association of Investigative Specialists* and the *International Process Servers Association*. I am qualified as an expert witness on the following subjects: service of process, international service of process, and court filing procedures. In addition, I am fully familiar with the *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters* ("Hague Service Convention") and service of process laws of most foreign nations.

2. This Declaration is made related to international service of process upon various Defendants in Saudi Arabia, Sudan, and United Arab Emirates, related to the matter *Burnett, et al. v. Al Baraka Investment, et al.*, case No. 1-02-01616-JR, filed in the United States District Court, District of Columbia.

3. On or about October 1, 2002, I received an assignment from the law firm of Young Riley Dudley & DeBrota, along with instructions to serve all parties named as defendants in the above-cited case.

4. On or about October 10, 2002, I assigned the services that do not require translation to the appropriate process server, or Central Authority.

1

5. On or about November 4, 2002, I assigned various services to be served in Saudi Arabia, Sudan, and the United Arab Emirates to Ahmed Salah, a private process server in Riyadh, Saudi Arabia. I forwarded copies for service in English and Arabic.

6. In December 2002, and continuing in January 2003, I attempted to obtain the status on the progress of the services in Saudi Arabia and United Arab Emirates. I could not make contact with the process server.

7. In February 2003, I contracted with a private investigator in Saudi Arabia who was instructed to attempt to make personal contact with the process server. On two (2) occasions, the private investigator advised my office that the process server's office was "not occupied."

8. On March 10, 2003, I received a message from the private investigator advising me that he had reasonable belief that the process server, Salah, had been murdered while carrying out service of process in Harad, Saudi Arabia. He based his finding on comments made by a business owner adjacent to Salah's previous address. The private investigator stated that he recalled reading about the murder of a private investigator in December 2002 or January 2003.

9. It is my belief that some of the defendants were served in Saudi Arabia, Sudan, and United Arab Emirates, based on the filing of written responses to the Court by some defendants in those nations.

10. It will be extremely difficult to complete the services in the three (3) referenced countries since there are no other known private process servers who will accept assignments from entities in the United States of America, and due to the political situation in the region. We, and others in our industry, have previously had difficulty locating competent process servers in Saudi Arabia and United Arab Emirates. During the past 8 years, we have only found two (2) process servers in the region who will serve legal documents. The other process server who we have used in the past cannot be located. Persons who engage in investigative and legal support activities in that region are very unreliable and have proved to be untrustworthy in their business dealings with entities

2

1 | from the United States and other Western nations.

2 | I declare and can competently testify, under penalty of perjury of the laws of the United States of
3 | America, that the foregoing is true and correct. Executed on March 14, 2003, at Los Angeles, CA.

4 | *[signature]*

5 | Nelson Tucker