UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK McDONALD, et al.         ) | |
| )| |
| Plaintiffs,         ) | |
| )| Case No. 1:06-cv-00729-JR |
| v.         ) | |
| )| |
| SOCIALIST PEOPLE'S LIBYAN ARAB   ) | |
| JAMAHIRIYA, et al.         ) | |
| )| |
| Defendants.         ) | |

**PLAINTIFFS' MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT TO ALTER OR AMEND ORDER OF SERVICE BY PUBLICATION**

Pursuant to Federal Rule of Civil Procedure 7(b) and Local Civil Rule 7, Plaintiffs hereby move this Court to alter or amend the Order issued on January 24, 2008 permitting service of process by publication upon Defendants Muammar Qadhafi, Abdullah Senoussi, Nasser Ali Ashour, and Khalifa Ahmed Bazelya in the *International Herald Tribune* and *Al-Quds Al-Arabi*. D.E. 28.

The first of the series of publications of Plaintiffs' legal notice was published on February 28, 2008 in the *International Herald Tribune*. The notice has run for two weeks as of this filing. *See* Declaration of Katherine Kinsella ("Kinsella Declaration"), attached hereto as Exhibit A, at ¶ 8.

In contrast to the *International Herald Tribune*, agents for Plaintiffs' counsel have been unable to place the legal notice in *Al-Quds Al-Arabi* as originally contemplated and proposed. Upon receipt of the advertisement text, *Al-Quds Al-Arabi* determined that either (1) it could not print the advertisement due to the sensitive nature of the legal notice; or (2) it would only print

the advertisement in return for an additional and exorbitant fee. For the reasons stated herein, Plaintiffs hereby respectfully request the Court alter or amend its prior January 24, 2008 Order to reflect that publication of the legal notice in the *International Herald Tribune* constitutes appropriate service pursuant to Federal Rule of Civil Procedure 4(f)(3) and 28 U.S.C. § 1608(b)(3)(A).

## POINTS AND AUTHORITIES

**I.     *INTERNATIONAL HERALD TRIBUNE* PUBLISHES THE LEGAL NOTICE.**

On January 24, 2008, this Court granted "plaintiffs' motion to allow service of process upon defendants Muammar Qadhafi, Abdullah Senoussi, Nasser Ali Ashour, and Khalifa Ahmed Bazelya by alternative means … by publication in the *International Herald Tribune* and *Al-Quds Al-Arabi*." D.E. 28, Order (Jan. 24, 2008). In furtherance of this Order, Plaintiffs' counsel retained Kinsella/Novak Communications, LLC ("KNC") to facilitate placing the publication notices with each of these newspapers. *See* Ex. A at ¶¶ 5-7. KNC negotiated with the *International Herald Tribune* to run an advertisement once a week for four weeks beginning February 28, 2008. *See Id.* at ¶¶ 6-8. A copy of the advertisement as it was published in the *International Herald Tribune* on February 28, 2008, is attached hereto as Exhibit 4 to the Kinsella Declaration.

**II.    PLAINTIFFS REQUEST THAT THE COURT DECIDE WHETHER LEGAL NOTICE PUBLISHED IN *AL-QUDS AL-ARABI* WITHOUT THE NAMES OF THE INDIVIDUAL DEFENDANTS TO BE SERVED WOULD CONSTITUTE SUFFICIENT SERVICE PURSUANT TO FED. R. CIV. P. 4(f)(3).**

   **A.     *Al-Quds Al-Arabi* Refuses to Run Plaintiffs' Legal Notice.**

After this Court entered its January 24, 2008 Order, KNC – at the request of Plaintiffs' counsel – contacted the editorial staff of *Al-Quds Al-Arabi* regarding running the publication of Plaintiffs' notice in that newspaper once a week for four weeks. *See* Ex. A at ¶¶ 6-7. KNC

2

reserved space for the notice to be placed as a quarter-page advertisement on February 12, 2008. *Id.* at ¶ 7. KNC provided the Arabic copy of the advertisement to *Al-Quds Al-Arabi* on February 13, 2008. *Id.* at ¶ 7. On or about February 26, 2008, KNC was notified by *Al-Quds Al-Arabi* that the notice could not be run in the newspaper because "it included the Named Defendants and the newspaper's name in the text." *Id.* at ¶ 9. At the time that space was reserved for publication in *Al-Quds Al-Arabi*, the cost for placing a quarter-page advertisement once per week for four consecutive weeks was quoted as being approximately $11,800.00, or $2,950.00 per printing. *Id.* at ¶ 10.

   **B.** ***Al-Quds Al-Arabi* Seeks To Charge Plaintiffs An Exorbitant Fee To Run Plaintiffs' Legal Notice As It Was Presented To the Newspaper.**

On February 27, 2008, *Al-Quds Al-Arabi* informed KNS that it would consider publishing the legal notice if KNC would pay an additional $126,000.00 for each placement of the legal notice. *Id.* at ¶ 10. In other words, above and beyond the standard placement cost of $11,800.00, *Al-Quds Al-Arabi* sought an exorbitant "fee" of $504,000.00 to publish Plaintiffs' legal notice. *See Id.* In an attempt to negotiate fairly, but not in accord with this outrageous sum sought by *Al-Quds Al-Arabi*, Plaintiffs' counsel instructed KNC to offer to pay an additional premium of $10,000.00 per publication, or $40,000.00 in total, for *Al-Quds Al-Arabi* to publish the legal notice in Arabic. *Id.* at ¶ 11. *Al-Quds Al-Arabi* rejected this counter-offer. *Id.* *Al-Quds Al-Arabi* is now insisting on the additional $504,000.00 to publish the legal notice as is or at the initial rate of $11,800.00 if Plaintiffs would remove the individual Defendants' names and the name of the newspaper from the notice.

   **C.** **Plaintiffs Seek The Court's Order To Publish Their Legal Notice Omitting the Names of Individual Defendants to be Served Via Publication.**

Plaintiffs are prepared to omit the individual Defendants' names from the legal notice to be published in *Al-Quds Al-Arabi* upon an Order issued by this Court that such a legal notice

3

would be legally sufficient to constitute service by publication pursuant to Fed. R. Civ. P. 4(f)(3). Plaintiffs recognize that, in light of the Supreme Court's ruling in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), service by publication must be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Plaintiffs further fear that the removal of the names of the individual Defendants from the legal notice may render that notice in violation of the principle set forth in *Mullane*. Absent inclusion of the names of the individuals to be served by publication, such publication would be potentially problematic, so Plaintiffs seek the Court's guidance whether omission of the names renders the publication insufficient. Without such an Order by the Court, Plaintiffs cannot accomplish publication of the legal notice in *Al-Quds Al-Arabi* as expected. Therefore, Plaintiffs do not believe that they can, in good faith, comply with the letter of the Court's January 24, 2008, Order for service by publication in *Al-Quds Al-Arabi*, and they bring the present motion seeking relief from the Court. If the Court Orders that the legal notice would be sufficient without the names of the individual Defendants, then Plaintiffs would endeavor to accomplish this publication immediately.

**III.    PLAINTIFFS SEEK THE COURT TO ORDER THAT SERVICE BY PUBLICATION IN THE *INTERNATIONAL HERALD TRIBUNE* IS SUFFICIENT TO EFFECT SERVICE OF PROCESS IN ACCORD WITH FED. R. CIV. P. 4(f)(3) AND 28 U.S.C. § 1608(b)(3)(A).**

   **A.    Plaintiffs Have Unsuccessfully Attempted To Arrange For Service by Publication in *Al-Hayat*, *Asharq Alawsat*, *Arab News*, and *Al Iktissad Wal Aamal*.**

Following the decision by *Al-Quds Al-Arabi* to require an exorbitant fee before printing Plaintiffs' legal notice, KNC reached out to the daily Arabic-language newspaper *Al-Hayat* regarding publication of the legal notice. *See* Ex. A at ¶ 12. *Al-Hayat* is an independent Arabic-language daily newspaper with worldwide circulation of approximately 160,000-170,000. *Id.*

4

*Al-Hayat* refused to publish Plaintiffs' legal notice because it included the names of the individual Defendants that Plaintiffs seek to serve via publication. *Id.* at ¶ 13. *Al-Hayat* further refused publication despite being offered the same premium per publication that Plaintiffs' counsel offered to *Al-Quds Al-Arabi* of an additional $10,000.00 per publication (above their normal publication rates). *Id.*

Due to the refusal by *Al-Hayat* and *Al-Quds Al-Arabi* to publish Plaintiffs' legal notice for service by publication, KNC contacted an additional eight publications with circulation in Northern Africa and/or Libya in particular. *See Id.* at ¶¶ 12-15. KNC contacted the following publications that are published outside of Libya: *Asharq Alawsat* (daily newspaper published in Arabic and English with estimated circulation of 249,000); *Arab News* (daily newspaper published in English with an estimated circulation of 60,000); and *Al Iktissad Wal Aamal* (monthly business magazine published in Arabic with an estimated circulation of 78,000). *Id.* at ¶ 12. Each of these publications refused to publish Plaintiffs' notice because it included the names of the individual Defendants sought to be served by publication by Plaintiffs in the text of the notice. *Id.* at ¶ 13. These publications also refused publication despite being offered an additional $10,000 per publication of the notice. *Id.*

KNC also pursued possible publication of Plaintiffs' legal notice in five Libyan newspapers including *Al-Shams*, *Al Fajer Al Jaded*, *Al Jumhuriyah*, *Oya (Tripoli)*, and *Gorina*. *See Id.* at ¶ 14. Each of these publications refused to publish Plaintiffs' legal notice because it included the names of the individual Defendants sought to be served via publication and also included the name of the country (Libya) in the text of the notice. *Id.* at ¶ 15.

For the reasons set forth, *supra.*, Plaintiffs are uncertain whether publication in any of these alternate publications – which would require the removal of the names of the Defendants to

be served via publication – would satisfy the principle that the notice be calculated "to apprise interested parties of the pendency of the action." Nevertheless, these attempts at alternate placement in an Arabic-language publication are ongoing, but given the letter of the Court's Order on publication, Plaintiffs are compelled to request modification of the publication Order to reflect this change in the name of the Arabic periodical in which such publication would occur, if any, and request the Court's guidance regarding the sufficiency of the publication of a legal notice that only contains the caption of this case but not the names of the individuals ostensibly to be served.

### B. Publication in the *International Herald Tribune* is Sufficient.

Plaintiffs respectfully submit that service by publication in the *International Herald Tribune* – absent the willingness of an international Arabic-language daily to publish Plaintiffs' legal notice – should be sufficient to constitute service of process pursuant to Fed. R. Civ. P. 4(f)(3) and 28 U.S.C. § 1608(b)(3)(A). According to the expertise of KNC, no widely-distributed newspaper within Libya will publish Plaintiffs' legal notice in Arabic within Libya. *Id.* at ¶¶ 14-15. The *International Herald Tribune* is a worldwide daily newspaper with a broad circulation. Publication of Plaintiffs' legal notice within the *International Herald Tribune* has already begun without difficulty. *See Id.* at ¶8. Plaintiffs assert that this is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314; *see also Mwani v. Bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005).

Here, Plaintiffs have attempted service upon the named defendants in a wide variety of manners from certified mailings issued from the Clerk's Office (*see* D.E. 4) to issuance by this Court of Letters Rogatory to Libya (*see* D.E. 13). Despite repeated inquiries with the Office of

American Citizen Services at the State Department, Plaintiffs have no information regarding the status of the letters rogatory issued to Libya to perfect service of process upon Defendants Muammar Qadhafi, Abdullah Senoussi, Nasser Ali Ashour, and Khalifa Ahmed Bazelya. Furthermore, as Plaintiffs have noted in prior filings with the Court, personal service upon the Defendants has been deemed too dangerous by multiple process server companies. *See* D.E. 27. Plaintiffs' legal notice has run and is running in the *International Herald Tribune*. Now, Plaintiffs have repeatedly attempted to serve notice by publication in the Arabic language press and are again being told that such publication of the individual Defendants' names is not possible. In short, Plaintiffs assert that the various attempts made to effect service in this case suffice to meet the requirements of constructive notice. Service by publication in the *International Herald Tribune* should be recognized as an accepted method of perfecting service upon these individual Defendants and is sufficient service of process pursuant to Rule 4(f)(3) and 28 U.S.C. § 1608(b)(3)(A).

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that this Court should grant their motion to alter or amend the Court's January 24, 2008 Order to permit service by publication in one of the Arabic-language newspapers named above, including *Al-Quds Al-Arabi* and *Al-Hayat* newspaper, without inclusion of the names of the individual Defendants to be served, or, in the alternative, to order that the service by publication in the *International Herald Tribune* constitutes sufficient notice pursuant to the Rules.


Dated: March 7, 2008                                Respectfully submitted,

                                                                           __/S/ Jodi Westbrook Flowers_____
Ronald L. Motley, Esq.
Donald A. Migliori, Esq.
Jodi Westbrook Flowers, Esq.
Robert T. Haefele, Esq.
Elizabeth Smith, Esq.
John M. Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC  29465
(843) 216-9000
Fax: (843) 216-9450
jeubanks@motleyrice.com

*Attorneys for Plaintiffs*