IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK McDONALD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-00729-JR |
| ) | |
| SOCIALIST PEOPLE'S LIBYAN ARAB ) | |
| JAMAHIRIYA, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendants, the Socialist People's Libyan Arab Jamahiriya, the Libyan External Security Organization ("LESO"), Muammar Qadhafi, Abdullah Senoussi, Musa Kusa, Khalifa Ahmed Bazelya and Nasser Ali Ashour ("the Libyan defendants"), by undersigned counsel, pursuant to Local Civil Rule 23.1(b), move to strike plaintiffs' Motion for Class Certification for failure to abide by the express 90-day time limits for such motions under Local Civil Rule 23.1(b).  The plaintiffs' Motion should be denied because it was filed on July 30, 2008, more than two years after the original Complaint was filed on April 21, 2006.

Should the Court consider plaintiffs' Motion for Class Certification to be timely, defendants request that the Court enter a briefing schedule for an Opposition to plaintiffs' Motion for Class Certification at a later date after it has ruled on defendants' Motion to Dismiss which is currently pending before the Court.

**I.    BACKGROUND**

Plaintiffs filed their original Class Action Complaint against the Libyan defendants on April 21, 2006.  *See* Complaint [Dckt. No. 1, herein].  This Complaint was the first complaint in

this action that purported to allege that plaintiffs could maintain a class action against the Libyan defendants. On May 1, 2008, plaintiffs filed their First Amended Class Action Complaint, which alleged substantially the same facts. [Dckt. No. 34, herein]. This Court's Local Civil Rule 23.1(b) requires a putative class action plaintiff to move for class certification within 90 days of filing his complaint.

Plaintiffs did not move for class certification until July 30, 2008, more than two years after filing their original action — and nearly three weeks after the Libyan defendants exposed plaintiffs' failure to file in the Libyan Defendants' Motion to Dismiss. *See* Dckt. No. 36, at 33-35. The only justification plaintiffs have offered for filing their Motion for Class Certification when they did is that they filed it within 90 days of filing their First Amended Complaint.

## II.     ARGUMENT

### A.     Plaintiffs' Motion for Class Certification Should be Stricken as Untimely.

The Rules of this Court require that plaintiffs asserting class action claims move for class certification within 90 days of filing their complaint:

> Within 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period, the plaintiff ***shall*** move for a certification under Rule 23(c)(1), Federal Rules of Civil Procedure, that the case may be so maintained. In ruling upon the motion, the court may allow the action to be so maintained, may deny the motion, or may order that a ruling be postponed pending discovery or other appropriate preliminary proceedings. A defendant may move at any time to strike the class action allegations or to dismiss the complaint.

LCvR 23.1(b) (emphasis added). The D.C. Circuit has consistently and strictly enforced this rule to bar class certification where plaintiffs have failed to seek class certification in a timely manner. *See, e.g.*, *Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C. Cir. 1981) (motions for extension of time precluded after 90-day limit had expired; 90-day limit must be applied

2

strictly, and extensions of time for responding to pleadings were irrelevant); *Batson v. Powell*, 912 F. Supp. 565, 571 (D.D.C. 1996) (plaintiffs failure to move for extension of time required denial of motion for class certification: "Since plaintiffs did not take advantage of the available procedures, they have failed to satisfy the timeliness requirements . . ."). In this case, plaintiffs filed their original "Class Action Complaint" on April 21, 2006, but did not move for class certification until July 30, 2008—more than two years after their deadline for filing had passed.

Local Rule 23.1(b) "requires the filing of a certification motion within ninety days of the *first complaint that states class allegations*." *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 55 (D.D.C. 2007) ("*Howard I*") (emphasis added). In *Howard I*, the district court granted a motion to strike class allegations when the plaintiffs filed their class certification out of time. Although the plaintiffs "filed [a] motion for an extension of time within ninety days of the filing of their *amended* complaint," *id.* at 54 (emphasis in original), that motion was untimely because the 90-day period, as measured from the original complaint, had already expired. *Id.* at 54-55.

In a second opinion, the district court in that case denied the plaintiffs' motion for reconsideration. *Howard v. Gutierrez*, 503 F. Supp. 2d 392 (D.D.C. 2007) ("*Howard II*"). In *Howard II*, the district court again rejected the argument that a plaintiff can avoid the 90-day deadline and "resurrect" his class certification effort by amending his complaint. *Id.* at 395. The court found that there was no "substantial ground for difference of opinion" with its ruling in *Howard I*. *Id.* at 396 (rejecting plaintiffs' request to certify for interlocutory appeal). That Local Civil Rule 23.1(b) would allow plaintiffs "to extend indefinitely the deadline for filing a motion for class certification, even after the deadline imposed by the local rule had long passed, and regardless of whether it had been ignored wittingly or unwittingly, simply by lodging an amended complaint" was an "untenable and unreasonable" position. *Id*. Further, the district

3

court noted that "plaintiffs have never cited any case from this circuit that actually resolved (as opposed to assuming without deciding) the question in favor of applying the local rule to amended complaints." *Id.* (footnote omitted).  In contrast, the *Howard I* "[c]ourt's interpretation of the local rule has already been adopted explicitly by at least one other district judge." *Howard II*, 503 F. Supp. 2d at 396 (citing *Cryer v. InterSolutions, Inc.*, No. 06-2032, 2007 WL 1191928, at *5 (D.D.C. Apr. 20, 2007)).

Just as in *Howard I*, plaintiffs here have filed their motion for class certification too late.  Filing the motion for class certification within 90 days of filing an ***amended*** complaint simply does not comply with Local Civil Rule 23.1(b).  Plaintiffs fail to explain why they delayed moving for class certification for more than two years in the face of this Rule.  Instead, in a single footnote, plaintiffs assert solely that "[i]n accord with LCvR 23.1(b), this motion for class certification is brought within 90 days after the filing of *a complaint* in a case sought to be maintained as a class action . . . .'" Mot. for Class Cert. at 8, fn. 1 (emphasis added).  Plaintiffs clearly did ***not*** file their motion "within ninety days of the first complaint that states class allegations," *Howard I*, 474 F. Supp. 2d at 54.  Accordingly, this Court must strike the plaintiffs' Motion for Class Certification.  *Black Panther Party*, 661 F.2d at 1279; *Howard II*, 503 F. Supp. 2d at 396; *Cryer*, 2007 WL 1191928, at *5; *Howard I*, 474 F. Supp. 2d at 55; *Batson*, 912 F. Supp. at 571.

      **B.**    **Should the Court Find Plaintiffs' Motion for Class Certification
To be Timely, Defendants Request that the Court Issue a
<u>Briefing Schedule on the Issue of Class Certification at a Later Date.</u>**

Defendants' Motion to Dismiss is currently pending.  Given that pending Motion to Dismiss, and that plaintiffs' Motion for Class Certification is clearly untimely, this Motion focuses solely on the timeliness issue.  *See* L. Civ. R. 23.1(b) ("A defendant may move at any

4

time to strike the class action allegations or to dismiss the complaint."). Defendants do not waive, and hereby expressly preserve, their right to oppose the Motion for Class Certification on grounds other than timeliness should the Court find plaintiffs' Motion to be timely. Should the Court not strike plaintiffs' Motion for Class Certification, defendants respectfully request that the Court enter a briefing schedule for an Opposition to plaintiffs' Motion for Class Certification at a later date after it has ruled on defendants' Motion to Dismiss.

### III. CONCLUSION

For the foregoing reasons, as well as those set forth in defendants' Motion to Dismiss, plaintiffs' Motion for Class Certification should be stricken.

                Respectfully submitted,

                **ECKERT SEAMANS CHERIN**
                   **& MELLOTT, LLC**

                */s/ Mark A. Johnston*
                Thomas J. Whalen, Esq. (D.C. Bar #208512)
                Mark A. Johnston, Esq. (D.C. Bar #455764)
                1747 Pennsylvania Ave., N.W.
                Suite 1200
                Washington, DC  20006-4604
                (202) 659-6600
                Fax: (202) 659-6699
                twhalen@eckertseamans.com
                mjohnston@eckertseamans.com

                <u>Of counsel</u>:

                Wendy West Feinstein, Esq.
                ECKERT SEAMANS CHERIN
                  & MELLOTT, LLC
                600 Grant Street
                44th Floor
                Pittsburgh, PA 15219
                (412) 566-6000
                Fax:  (412) 566-6099
                wfeinstein@eckertseamans.com

                *Attorneys for Defendants*, *The Socialist People's Libyan Arab Jamahiriya, Libyan External Security Organization, Muammar Qadhafi, Abdullah Senoussi,Musa Kusa, Khalifa Ahmed Bazelya, and Nasser Ali Ashour*

Dated:  August 13, 2008

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that copies of the foregoing **Motion to Strike Plaintiffs' Motion for Class Certification and Proposed Order** were electronically filed and served, this 13th day of August, 2008, to:

    Jayne Conroy
    Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP
    112 Madison Avenue
    New York, NY 10016-7416

    Donald A. Migliori
    Motley Rice, LLC
    321 South Main Street
    Providence, RI 02940

    Jodi Westbrook Flowers
    John Michael Eubanks
    Justin B. Kaplan
    Michael E. Elsner
    Michelle Dara Hodkin
    Ronald L. Motley
    Motley Rice, LLC
    28 Bridgeside Boulevard
    Mount Pleasant, SC 29465

    */s/ Mark A. Johnston*
    Mark A. Johnston