UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK McDONALD, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SOCIALIST PEOPLE'S LIBYAN ARAB )<br>JAMAHIRIYA, et al. )<br>)<br>Defendants. )<br>) | Case No. 1:06-cv-00729-JR |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs hereby oppose Defendants' Motion to Strike Plaintiffs' Class Certification Motion. In light of the facts of the case and Orders of the Court whereby a majority of the defendants were not served and briefing was stayed until the end of *April 2008*, Plaintiffs' Class Certification Motion was timely filed on July 30, 2008. Should the Court disagree and find that Plaintiffs' Class Certification Motion was not timely filed, Plaintiffs respectfully ask the Court to rule that the filing of the Class Certification Motion on July 30, 2008 was excusable, especially in light of the fact that the Court did not lift its Order for Deferred Filing of briefing until the April 29, 2008 scheduling conference.

Regarding Defendants' alternative request that the Court enter a briefing schedule for Defendants to oppose Plaintiffs' Class Certification Motion "at a later date" after it has ruled on Defendants' pending Motion to Dismiss, Plaintiffs concur with that request.

1

I.      **The Court Should Not Strike Plaintiffs' Class Certification Motion**

      A.      **Plaintiffs' Class Certification Motion Was Timely Filed On July 30, 2008**

Facts matter. Yet Defendants' argument to strike Plaintiffs' Class Certification Motion ignores the facts of this case, as well as multiple Orders of the Court.

From the outset of this action on April 21, 2006, Plaintiffs encountered a serious problem with completing service of process on all Defendants; a problem which the Court helped solve by Orders Extending Time and Deferring Filing of motion papers. *See, e.g.,* Docket No. 6 (Plaintiffs' Motion for Extension of Time to Complete Service of Process)(Aug. 17, 2006); Order granting Motion (Sept. 13, 2006); Docket No. 10 (Plaintiffs' Motion for Second Extension of Time")(Dec. 15, 2006); Order granting Plaintiffs' Second Motion (Jan. 12, 2007); Docket No. 18 (Joint Motion for Deferring Filing of Responsive Papers)(Apr. 3, 2007); Docket No. 19 (Order granting Motion for Deferring Filing)(Apr. 4, 2007); Docket No. 27 (Motion for Service by Publication) (Jan. 18, 2008); Docket No. 28 (Order granting Motion for Service by Publication)(Jan. 24, 2008); Docket No. 31 (Service by Publication filed)(Apr. 9, 2008).[1]

Four of the seven named Defendants (Qadhafi, Senoussi, Bazelya, and Ashour) for *years* refused service through FSIA and diplomatic channels. Docket No. 31 at p. 2-4. In July 2006 they refused to accept DHL service under 28 U.S.C. §1608(a)(3); in December 2006 they refused to accept the Court's issuance of Letters Rogatory; in September 2007 they refused to accept the Court's re-issuance of Letters Rogatory; in January 2008 they refused to accept service through publication in Arabic-language newspapers by Court Order. Docket No. 31 at p. 2-4

Recognizing the inefficiencies and uncertainties that would result if motions pressed ahead before resolving service issues on the unserved Defendants, in April 2007 counsel for Plaintiffs *and* counsel for the only three Defendants served at that time (Libya, LESO and Kusa)

---

[1] All references to "Docket" are to the 1:06-CV-00729 (JR) ECF Docket in this action.

filed a Joint Motion for Deferring Filing of "any responsive papers" until the above "service issues have been solidified and the other named Defendants are represented in this action." Docket No. 18 at p. 3. The Court granted that Joint Motion for Deferring Filing. Docket No. 19 ("Order for Deferring Filing"). Yet now in moving to strike Plaintiffs' Class Certification Motion as untimely filed, Defendants entirely ignore that Order for Deferring Filing.

Only in April 2008, after Plaintiffs spent considerable resources in attempting to serve Defendants Qadhafi, Senoussi, Bazelya, and Ashour by publication in the *International Herald Tribune* pursuant to yet-another Court Order, did Defendants Qadhafi, Senoussi, Bazelya, and Ashour finally accept service. Docket No. 31 at p. 2-4 & Ex. B thereto. Thereafter, the first appearance of Defendants Qadhafi, Senoussi, Bazelya, and Ashour in this action was on April 25, 2008 in the filing of the Joint Status Report and Proposed Briefing Schedule, Docket No. 32, which the Court approved four days later at the April 29, 2008 Scheduling Conference.

Given the above facts whereby the case was essentially frozen until the Court lifted the Order for Deferring Filing and approved the Proposed Briefing Schedule on April 29, 2008 – which triggered Plaintiffs immediately to file their Amended Complaint on May 1, 2008 and then within 90 days to file their Class Certification Motion on July 30, 2008 – Plaintiffs assert that they have complied with the spirit *and* letter of Local Civil Rule 23.1(b).

This case is analogous to *Richard v. Bell Atlantic Corp.*, 997 F. Supp. 40, (D.D.C. 1997), where the court denied a motion to strike class allegations because the previous Judge (Richey) had "[i]f not by word, then by deed … extended the 90-day period under Local Rule 203 when he stayed all discovery. To the extent Local Rule 203(b) required an explicit ruling by Judge Richey, the Court hereby formally extends the 90-day period for the plaintiffs to file their motion

3

for class certification…." *Id.* at 52.[2]  The Court reasoned that Judge Richey "froze the litigation in its tracks" by ordering a discovery stay pending resolution of defendants' dispositive motion; Judge Richey thus intended "that the litigation would pick up where it had left off if the Court were to deny defendants' motion" and thereby "clearly contemplated that the plaintiffs were entitled to at least 30 days of pre-class certification discovery *before* moving for class certification." *Id.* at 51 (emphasis in original).  Given the litigation was in effect frozen by the stay, to rule that the Plaintiffs were required to move for class certification at an earlier date "would have been extremely unfair and inefficient…." *Id.* at 51.

Likewise here, because of serious problems arising from the outset of the case in completing service on all of the Defendants abroad, the Court in effect "froze the litigation in its tracks" by its Orders to Extend Time and for Deferring Filing – which remained in force till April 29, 2008.  Acting under those Orders and the precedent of *Richard*, Plaintiffs here had every reason to believe that the Court had "if not by word, then by deed," extended the 90-day clock for filing their Class Certification Motion.  *Richard*, 997 F. Supp. at 51-52.

Defendants' heavy reliance on *Howard v. Gutierrez*, 474 F. Supp.2d 41 (D.D.C. Feb. 6, 2007)("*Howard I*") is misplaced.  Docket No. 41, Def. Motion to Strike at pp. 3-4.  To be sure, *Howard I* held as a general rule that the 90-day clock to move for class certification begins to run at the filing of the original, not amended, complaint, and rejected the argument that "the filing of an amended complaint *resets the clock* under Local Rule 23.1(b)…." *Id.* at 55.  But Plaintiffs here do *not* argue that the filing of their Amended Complaint on May 1, 2008 "reset the clock," but rather (as in *Richard*) that the 90-day clock had been *frozen* until the service problems were

---

[2] Local Rule 203 is the predecessor to Local Civil Rule 23.1; they are identical in all pertinent respects.

4

solved and the related Order for Deferring Filing was lifted after all parties finally appeared at the April 29, 2008 hearing.[3]

Moreover, *Howard I* did *not* overrule *Richard*, but rather expressly distinguished *Richard* as a case where (as here) the Court in effect extended the 90-day clock by its act of issuing a stay. *Howard I*, 474 F. Supp. at 55.[4]  Hence, for all the above reasons, *Richard* survives *Howard I*, *Richard* is analogous to the case at bar, and *Richard* is authority to uphold Plaintiffs' Class Certification Motion as timely filed in accordance with this Court's Orders.

Tellingly, Defendants forget to mention *Richard* in their Motion to Strike.

### B. Plaintiffs' Filing Of The Class Certification Motion On July 30, 2008 Was Excusable, Especially In Light Of The Court's Lifting Of The Order For Deferring Filing On April 29, 2008

To be clear, in light of the above facts, Orders of the Court, and authority of *Richard*, Plaintiffs *did* timely file their Class Certification Motion on July 30, 2008, and thus do not concede that they committed any "neglect" whatsoever by filing on that date. Yet should the Court disagree and find that Plaintiffs' Class Certification Motion was not timely filed, Plaintiffs, in the alternative, assert "excusable neglect" by filing on that date.

In determining excusable neglect under the well-known *Pioneer* factors, the Court may consider (1) "the danger of prejudice to the [other party]," (2) "the length of delay and its potential impact on judicial proceedings," (3) the reason for delay, including whether it was within the reasonable control of the movant, and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

---

[3] *Howard II* changes nothing. *Howard II* merely denied a motion for reconsideration, noting "no intervening change in controlling law, nor have plaintiffs advanced new evidence [that] warrants revisiting its prior holding." *Id*., 503 F. Supp.2d 392, 394 (D.D.C. Sept. 7, 2007)("*Howard II*"). As explained above, there is no conflict between *Howard I*'s holding that the filing of an amended complaint *per se* does not "reset the clock" and *Richard*'s holding that the 90-clock may be frozen in effect by Orders of the Court and facts of the case.
[4] And *Howard II* never mentions *Richard*, much less overrules it.

5

Astonishingly, in their pending Motion to Dismiss that attacks Plaintiffs' Class Certification Motion as untimely, Defendants cite to *Cryer v. Intersolutions, Inc.*, 2007 WL 1191928 (D.D.C. Apr. 20, 2007) as *support* for their argument against a finding of excusable neglect. Docket No. 36, Def. Motion To Dismiss at p. 35. *But Judge Sullivan in Cryer did find excusable neglect and held "the Court will use its discretion to extend the deadline for filing for class certification...."* *Cryer* at *5 (emphasis added). Carefully applying the *Pioneer* factors, Judge Sullivan reasoned:

> First, defendants are not prejudiced if the court allows plaintiffs to file for class certification. Defendants have been on notice since the filing of the original complaint on November 29, 2006 that plaintiffs intended to pursue a motion for class action.... [T]he Court still would have had to resolve defendants' motion to dismiss prior to setting any schedule for the filing of briefs on class certification.... Second, [t]he length of delay had little, if any, impact on further proceedings in this Court as a result of the pending motion to dismiss.... Third, [t]he Court finds the Plaintiffs were not unreasonable to think that the ninety-day period began to run from the filing of their Amended Complaint. The *Howard* decision was issued just three weeks before the end of the expiration period and was the first decision by this Court clearly explaining the rationale for the ninety-day period running from the filing of the original complaint. Finally, the Court finds that plaintiffs acted in good faith.

*Cryer* at * 6. All those reasons favor a finding of excusable neglect here. First, the original Complaint set forth Plaintiffs' Class Action allegations in detail in compliance with Local Civil Rule 23.1(a). Docket No. 1, Complaint ¶¶ 5-13; *see also*, Complaint ¶326 (Count X: Class Certification)("the American Class Plaintiffs and the Alien Class Plaintiffs request that this Honorable Court certify this matter as a Class Action"). Hence, Defendants cannot claim the Class Certification Motion surprised or prejudiced them because the plain text of the Original Complaint gave notice that Plaintiffs would prosecute this case as a class action.[5]

---

[5] Whereas Defendants suffer no prejudice by the fact that Plaintiffs in good faith filed their motion on July 30, 2008, in stark contrast the members of the American Class & Alien Class would suffer grave prejudice if the Court now struck Plaintiffs' class action claims because their ability to vindicate their claims and seek redress for their injuries would be impaired if not destroyed.

6

Second, the filing of the Class Certification Motion on July 30, 2008 had "no impact on further proceedings as a result of the pending motion to dismiss," *Cryer* at *6, because the Court has yet to resolve Defendants' Motion to Dismiss, which it would likely do *before* setting any schedule for the filing of Opposition papers to the Class Certification Motion. *Id.* In other words, as the Motion to Dismiss is not yet fully briefed, the filing of the Class Certification Motion on July 30, 2008 cannot possibly have delayed further proceedings in this case.

Third, in light of the facts of the case and Orders of the Court as explained above, Plaintiffs were not unreasonable to think that the ninety-day period would begin to run from the date they filed their Amended Complaint – especially since the *Howard I* decision had not been issued until more than nine months *after* the original Complaint was filed.[6]

Accordingly, Plaintiffs acted in good faith by filing their Class Certification Motion on July 30, 2008. And if any "neglect" there was by filing on July 30, 2008, it was excusable under *Pioneer* and *Cryer, supra*.

## II. Plaintiffs Concur With Defendants' Request That The Court Set A Briefing Schedule For Filing Opposition Papers To Plaintiffs' Class Certification Motion

As explained above, Plaintiffs filed their Class Certification Motion on July 30, 2008 in a good-faith effort to comply with the letter and spirit of the 90-day filing deadline of Local Civil Rule 23.1(b), in light of the fact that the case was essentially frozen until all defendants were

---

[6] To be sure, *Howard I* noted that "Local 23.1 is designed to enable defendants to ascertain at the earliest practicable moment whether they will be facing a limited number of known, identifiable plaintiffs or whether they will instead be facing a much larger mass of generally unknown plaintiffs." *Howard I*, 474 F. Supp.2d at 56 (internal cites omitted). True, but distinguishable, because here a majority of the defendants were not served and did not appear in the action until April 2008, so it would have been *im*practicable for plaintiffs to move against those defendants for class certification before that time. And the idea of filing successive waves of Class Certification Motions (or amended motions) in the same action was expressly disapproved by *Richard* as a "duplication of effort [that] would have posed a substantial burden to the parties and to the Court and would have been inconsistent with the mandate of Fed.R.Civ.P. 1, which requires that the Federal Rules of Civil Procedure be 'construed and administered to secure the just, speedy, and inexpensive determination of ever action.'" *Richard*, 976 F. Supp. at 52 n. 19. Hence, by filing one Class Certification Motion on July 30, 2008, shortly after all defendants appeared in the action, Plaintiffs acted in accord with first principles of judicial economy and efficiency.

7

served and the Court lifted the Order for Deferring Filing at the April 29, 2008 Scheduling Conference – which triggered Plaintiffs immediately to file their Amended Complaint on May 1, 2008 and then within 90 days to file their Class Certification Motion on July 30, 2008.

That said, in the interests of judicial economy and efficiency, Plaintiffs concur with Defendants' alternative request that the Court enter a briefing schedule for an Opposition to Plaintiffs' Class Certification Motion "at a later date" after the Court has ruled on Defendants' pending Motion to Dismiss. Def. Motion to Strike at p. 5.

Dated:  August 15, 2008                                   Respectfully submitted,

                                                          MOTLEY RICE LLC

                                                          ___/S/_____
                                                          Ronald L. Motley, Esq.
                                                          Jodi Westbrook Flowers, Esq.
                                                          Donald A. Migliori, Esq.
                                                          Michael E. Elsner, Esq.
                                                          Robert T. Haefele, Esq.
                                                          Elizabeth S. Smith, Esq.
                                                          John M. Eubanks, Esq.
                                                          Vincent I. Parrett, Esq.
                                                          28 Bridgeside Blvd.
                                                          P.O. Box 1792
                                                          Mount Pleasant, SC 29465
                                                          Phone: (843) 216-9000
                                                          Fax: (843) 216-9450
                                                          jflowers@motleyrice.com

                                                          *Class Counsel for all Plaintiffs*

Of Counsel:

Jason McCue, Esq.
H20 LAW
40-43 Chancery Lane
London WC2A 1JQ
United Kingdom

Lord Dan Brennan
Matrix Chambers
Gray's Inn
London WC1R 5LN
United Kingdom

*Attorneys for Plaintiffs*