UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK McDONALD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-00729-JR |
| ) | |
| SOCIALIST PEOPLE'S LIBYAN ARAB ) | |
| JAMAHIRIYA, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' EMERGENCY CONSENT MOTION FOR STAY OF CASE**

For all the reasons set forth in the accompanying Memorandum of Points & Authorities, Plaintiffs hereby move to stay this action pending resolution of the independent claims settlement proceedings of Plaintiffs' claims under the Libyan Claims Resolution Act ("LCRA"). Plaintiffs further specifically move the Court to stay immediately the filing of all further briefings in this action, including Plaintiffs' Opposition to Defendants' Motion to Dismiss that is currently scheduled to be filed on August 27, 2008, as well as Defendants' Reply in Support of Their Motion to Strike Plaintiffs' Motion for Class Certification currently scheduled to be filed on August 25, 2008, pending resolution of the claims settlement proceedings.

Pursuant to Local Civil Rule 7(m), on August 22, 2008 counsel for Plaintiffs conferred with counsel for Defendants in a good-faith effort to determine whether there is opposition to the relief sought here to stay this action and to stay all further briefing immediately. Counsel for Defendants advises that Defendants consent to a stay, subject to a reservation of all rights Defendants may have under LCRA or otherwise.

1

Dated: August 22, 2008                                  Respectfully submitted,

                                                        MOTLEY RICE LLC

                                                        ___/S/_____
                                                        Ronald L. Motley, Esq.
                                                        Jodi Westbrook Flowers, Esq.
                                                        Donald A. Migliori, Esq.
                                                        Michael E. Elsner, Esq.
                                                        Robert T. Haefele, Esq.
                                                        Elizabeth S. Smith, Esq.
                                                        John M. Eubanks, Esq.
                                                        Vincent I. Parrett, Esq.
                                                        28 Bridgeside Blvd.
                                                        P.O. Box 1792
                                                        Mount Pleasant, SC 29465
                                                        Phone: (843) 216-9000
                                                        Fax: (843) 216-9450
                                                        jflowers@motleyrice.com

                                                        *Class Counsel for all Plaintiffs*

Of Counsel:

Jason McCue, Esq.
H20 LAW
40-43 Chancery Lane
London WC2A 1JQ
United Kingdom

Lord Dan Brennan
Matrix Chambers
Gray's Inn
London WC1R 5LN
United Kingdom


*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK McDONALD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-00729-JR |
| ) | |
| SOCIALIST PEOPLE'S LIBYAN ARAB ) | |
| JAMAHIRIYA, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR STAY OF CASE**

**I.     Introduction**

Plaintiffs move the Court to stay this case pending resolution of the independent claims settlement proceedings of Plaintiffs' claims under the recently-enacted Libyan Claims Resolution Act ("LCRA").  S. 3370, LCRA, attached as Ex. A hereto.[1]  Congress expressly enacted LCRA "[t]o resolve ***pending claims*** against Libya by United States nationals, and for other purposes." *Id.* at 1 (emphasis added).

Indeed, in light of the fact that independent claims settlement proceedings of Plaintiffs' claims under LCRA will soon commence, the U.S. Department of State itself has advised Plaintiffs' counsel herein to move for a stay of this action.  Specifically, on August 11, 2008, the Office of Legal Adviser of the U.S. Department of State sent to Plaintiffs' counsel an "Update on Libya Claims Issue," which provides in pertinent part:

> The President has now signed into law S. 3370, the Libyan Claims Resolution
> Act.  Its purpose is to facilitate rapid recovery of fair compensation by American

---

[1] For ease of reference, Plaintiffs attach the text of LCRA as Exhibit A hereto.  Defendants also recently filed the text of LCRA as Exhibit A to their Notice of Supplemental Authority, Docket No. 40 (Aug. 12, 2008).

1

>nationals who have terrorism-related claims against Libya.  If successful, this will be achieved through a comprehensive inter-governmental claims settlement agreement….  Claims of foreign nationals will be redirected out of the U.S. court system but not terminated, and such claimants may choose to pursue other avenues of redress available under international and foreign law….
>
>[T]he coming weeks will determine whether the claims agreement can be finalized and the agreed funds transferred to the U.S. Government for rapid distribution to U.S. claimants.  Success, of course, cannot be assured.  The initiative could still be put at risk by new developments, such as a U.S. court ruling in Libya's favor or other developments in the judicial proceedings that might lead officials in Tripoli to question the terms of the proposed claims settlement agreement.  ***It therefore would be in the claimants' interests for all the current legal proceedings to be stayed.***

August 11, 2008 Update on Libya Claims Issue at 1-2 (emphasis added), attached as Ex. B.

The Department of State's guidance that it would be appropriate for this action to be stayed pending resolution of the claims settlement proceedings of Plaintiffs' claims under LCRA makes sense, as it would promote the interests of judicial economy and fairness to all parties.

## II.    Legal Standard For Stay

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere."  *Marsh v. Johnson,* 263 F.Supp.2d 49, 52 (D.D.C.2003) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller,* 523 U.S. 866, 879 n. 6 (1998) (quoting *Landis,* 299 U.S. at 254-55).  Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *National Shopmen Pension Fund v. Folger Adam Security, Inc.*, 274 B.R. 1, 3 (D.D.C. 2002)(quoting *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863-64 (9th Cir.1979)).

**III.    A Stay Of This Action Pending Resolution Of Independent Claims Settlement Proceedings Of Plaintiffs' Claims Under LCRA Would Promote Judicial Economy & Fairness**

Applying the Court's broad discretion, a stay of this action pending resolution of the independent claims settlement proceedings of Plaintiffs' claims under LCRA would promote "economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n,* 523 U.S. at 879 n. 6.  For, as expected, the comprehensive inter-governmental claims settlement agreement under LCRA was signed on August 14, 2008 by United States and Libya.  August 14, 2008 Press Statement, U.S. Department of State (Libya Claims Settlement), attached as Ex. C hereto.  So the independent LCRA claims settlement proceedings are set to commence promptly and resolve the claims of eligible claimants.  *See* Ex. A (S.3370-3, LCRA §5(a)(2)(B)(ii)) (LCRA will ensure "fair compensation of claims of nationals of the United States for wrongful death or physical injury pending … against Libya").  And, as noted at the outset above, the LCRA claims settlement proceedings expressly apply to and will "resolve *pending claims* against Libya" in this action.  Ex. A. (S.3370-1, LCRA Introduction).

Moreover, the fact that the legislative and executive branches have decided to resolve certain claims against Libya outside of the United States court system will eliminate the need for this Court to wade through and resolve many complex issues raised in Defendants' pending Motion to Dismiss.  *See* Docket No. 36, Def. Motion to Dismiss.  Hence, judicial economy and efficiency will be advanced by staying this action pending resolution of the LCRA claims resolution proceedings, and specifically by staying immediately the filing of all future briefings in this action related to Defendants' Motion to Dismiss and Plaintiffs' Motion for Class Certification.

Furthermore, as the State Department in their August 11th Update advised that "*[c]laims of foreign nationals will be redirected out of the U.S. court system but not terminated*," a stay would give the parties the necessary time to resolve precisely how and where the claims of the Alien Class in this action will be "redirected … but not terminated." Ex. B, August 11, 2008 Update on Libya Claims Issue at p. 1. The grant of a stay now would help the parties determine exactly what that redirected-but-not-terminated directive of the State Department means in practice. To be sure, the Plaintiffs have been in contact with the State Department on this issue but have not yet been able to determine what this process entails.

As the meaning and impact of LCRA on claims of foreign nationals still remains unclear. It would arguably be a waste of judicial resources for the Court to attempt now to decide the many complex issues under *prior* law raised by defendants in their pending Motion to Dismiss.

### IV.  Conclusion

For all the above reasons, Plaintiffs move the Court to stay the case pending resolution of the claims settlement proceedings of Plaintiffs' claims under LCRA, and to protect any and all rights the parties may have.

Furthermore, Plaintiffs specifically move the Court to stay immediately the filing of all further briefings in this action, including Plaintiffs' Opposition to Defendants' Motion to Dismiss that is currently scheduled to be filed on August 27, 2008, as well as Defendants' Reply in Support of Their Motion to Strike Plaintiffs' Motion for Class Certification scheduled to be filed on August 25, 2008, pending resolution of the claims settlement proceedings of Plaintiffs' claims under LCRA.

|  |  |
|---|---|
| Dated:  August 22, 2008 | Respectfully submitted, |
|  | MOTLEY RICE LLC |
|  | __/S/_____ |
|  | Ronald L. Motley, Esq. |
|  | Jodi Westbrook Flowers, Esq. |
|  | Donald A. Migliori, Esq. |
|  | Michael E. Elsner, Esq. |
|  | Robert T. Haefele, Esq. |
|  | Elizabeth S. Smith, Esq. |
|  | John M. Eubanks, Esq. |
|  | Vincent I. Parrett, Esq. |
|  | 28 Bridgeside Blvd. |
|  | P.O. Box 1792 |
|  | Mount Pleasant, SC 29465 |
|  | Phone: (843) 216-9000 |
|  | Fax: (843) 216-9450 |
|  | jflowers@motleyrice.com |
|  | *Class Counsel for all Plaintiffs* |

Of Counsel:

Jason McCue, Esq.
H20 LAW
40-43 Chancery Lane
London WC2A 1JQ
United Kingdom

Lord Dan Brennan
Matrix Chambers
Gray's Inn
London WC1R 5LN
United Kingdom

*Attorneys for Plaintiffs*